THE STATE OF MISSOURI, Appellant, v. C. B. TURNER, Respondent.

St. Louis Court of Appeals, March 23, 1886.

1. CRIMINAL LAW — HIGHWAYS — INDICTMENT.—Obstructing a public highway is an indictable offence at common law, and an indictment which is good at common law will be upheld, although it is not within the express terms of the statute.

2. ——— The statute which prohibits the obstruction of a public highway in the manner therein specified, does not prevent the in dictment at common law of a person who obstructs a highway in a manner other than that specified in the statute.

3. ——— STATUTES—CONSTRUCTION OF.—The general clause of a stat ute which provides for the indictment of persons who "shall obstruct such highway in any other manner," after making certain acts indictable, is construed to mean "in any other manner" which is indictable at common law.

APPEAL from the Clarke County Circuit Court, BEN E. TURNER, Judge.

*Reversed and remanded.*

J. W. REED, for the appellant: Statutes must be construed in reference to the subject matter, the objects which prompted and induced their enactment, and the mischief they were intended to remedy. *Neenan v. Smith*, 50 Mo. 525; *Spiller v. Young*, 63 Mo. 42; *The State v. Diveling*, 66 Mo. 375. The rule which requires penal statutes to be construed strictly, merely restrains such construction as would increase the penalty. *Ellis v. Whitlock*, 10 Mo. 781. As conclusive of this case and the construction to be placed on the statute under consideration, see case of *The State v. Sebastian* (81 Mo. 514), and authorities therein cited.

MATLOCK, HILLER & HOWARD, for the respondent.

. ROMBAUER, J., delivered the opinion of the court.

The statute provides that, " If any person, or persons, shall wilfully and knowingly obstruct. any public road, by throwing or depositing osage orange, or other brush, trees, or bushes, in said road, or on the sides or ditches thereof, or by fencing across the same, or by planting any hedge within the lines established by said road, or changing the location thereof otherwise than is provided for by this act, or shall obstruct said road or highway in any other manner whatsoever, he, or they, shall each pay a fine of not less than twenty dollars, to be recovered by indictment," etc.    Laws 1883, p. 165, sect. 33.

For an alleged violation of this law, an indictment was preferred by the grand jury of Clarke county against the defendant in the following words :

" STATE OF MISSOURI,   }
" COUNTY OF CLARKE.   }  ss.

"In the circuit court of Clarke county, Missouri, October term, 1884.

"The grand jurors for the state of Missouri, empanneled, sworn, and charged to inquire in and for the body of the county of Clarke aforesaid, upon their oath present that heretofore, to-wit, on the first day of September, A. D. 1884, and at the county of Clarke, in the said state of Missouri, one C. B. Turner unlawfully, wilfully, and knowingly did obstruct a certain public road or highway leading from Wilson bridge to Alexandria, known as the Alexandria road, and near the center of half section line of thirty-one, township sixty-five, range seven, in Clarke county, Missouri, by digging out a ditch, and by removing the dirt and other material from and out of said ditch that had been there put and placed by the proper authorities, said ditch running along near the center of said

public road, to the great hindrance and inconvenience of the public and the citizens of this state.

"J. W. REED, Prosecuting Attorney."

The defendant demurred to this indictment, on the ground that it failed to charge any crime known to the laws of the state, and his demurrer was sustained by the trial court.

The court presumably held that as the indictment did not charge an obstruction in any of the modes enumerated in the statute, it could not be helped by the sweeping clause at the close of the section, "or shall obstruct said road or highway in any other manner whatsoever."

If this statute had created a new offence, then the holding of the court would have been strictly correct. In such cases it is an undoubted rule of construction, that where general words follow particular ones, the former ought to be construed as applicable to persons and things particularly mentioned. Sedgwick on Const. Law, 423; *City of St. Louis v. Laughlin*, 49 Mo. 561; *Knox City v. Thompson*, 19 Mo. App. 523. The words "in any other manner whatsoever" would, in that event, have been ineffectual to make the indictment good, because the offence charged therein is not of the same class as the offences specially enumerated.

Here, however, the statute creates no new offence, but merely enlarges an offence indictable at common law. 2 Bishop on Crim. Law, sect. 1273, note 6, and sect. 1284.

If there was no statute on the subject, the indictment would have been good at common law. *The State v. Appling*, 25 Mo. 315; *The State v. Rose*, 32 Mo. 560.

In view of the general rule that statutes should be construed with reference to the subject matter, the objects which prompted their enactment, and the mischief they were intended to remedy, the general clause in this statute should be construed as referring to any other obstructions of a highway indictable at common law. It would be a forced and irrational construction to hold

that the statute provided for the punishment of one, who, by throwing brush into the highway, partly obstructed the unlimited use thereof, and yet permitted one to go scathless who, by digging a pit therein, endangered the safety of the traveling public.

It results that the indictment states an offence under the statute. It clearly states one at common law. In either event the trial court erred in sustaining a demurrer thereto.

The judgment is reversed and the cause remanded. All the judges concur.