JAMES A. MOORE, Appellant, v. CHARLES HAWK *et al.*, Respondents.

### Kansas City Court of Appeals, April 9, 1894.

1. **Roads and Highways:** TRIMMING HEDGE: OVERSEER. A road overseer has no right to interfere with a hedge, unless it is upon the line of the public highway.

3. **Dedication:** COMMON LAW: PROOF. In order to make a common law dedication in this state, the proof must be so cogent, persuasive and full as to leave no reasonable doubt of the existence of the owner's intent and consent; and in this case there is no evidence to show the dedication of a strip of land between a certain fence and hedge.

3. **Roads and Highways:** USER: ADVERSE POSSESSION. Circumstances, situation and facts may be such as to show that the public had used adversely a piece of ground as a road in a manner and for a time sufficient to make it a part of the road.

4. **Instructions:** NO EVIDENCE. It is error to give instructions when there is no evidence to support them.

*Appeal from the Linn Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED AND REMANDED.

*H. Lander* and *A. W. Mullins* for appellant.

(1) His hedge was twelve years old before the act of March 16, 1881, requiring hedges to be 'cut, was passed. This act is not in terms retroactive and can

not be applied to this hedge without violence to all settled rules of construction. *State v. Grant*, 79 Mo. 114–117; *State v. Ferguson*, 62 Mo. 77; *State v. Hayes*, 52 Mo. 578–580; *State v. Green*, 78 Mo. 188–190. (2) The road was never regularly laid out under the law, but was only created by Moore leaving fifteen feet of his ground outside his rail fence built in 1866, and the public user of the fifteen feet. The public are limited to the actual ground used; the rail fence was the line of the road and not the hedge. *Coleman v. Flint*, 7 N. W. Rep. (Mich.) 348; *Wayne Co. v. Miller*, 31 Mich. 447–449; *Pratt v. Lewis*, 39 Mich. 7–12; *McKay v. Doty*, 30 N. W. Rep. 591, 592; *Bumpus v. Miller*, 4 Mich. 159–163; *Bradley v. West*, 60 Mo. 33; *Huckshorn v. Hartwig*, 81 Mo. 648; *Hamilton v. Boggess*, 63 Mo. 233; Wood on Lim., p. 514, sec. 257, and note 1. (3) Plaintiff's rail fence stood entire around both the north and west lines of the tract of land up to 1885, when he ceased to keep up parts of it. If the public have ever used any part or parts of the ground up to the hedge, where the rail fence was taken away, such use had not been for a sufficient time to give the public that part of the ground by user. R. S. 1889, sec. 7847; Acts, 1887, p. 257. (4) Only hedges "upon the line of any public road are required to be cut. Acts, 1881 (of sixteenth of March), p. 137; 2 R. S. 1889, secs. 5053, 5054. Plaintiff's contention is that the rail fence constituted the line of the road, and not the hedge, which stood several feet inside the rail fence. The defendant's fourth instruction is manifestly wrong, for the law is that "the maintenance of a gate or fence at any time, will rebut the inference of an intent to dedicate." 5 Am. and Eng. Encyclopedia of Law, p. 410; *Stone v. Jackson*, 32 Eng. Law and Eq. 349; *Bowers v. Mfg. Co.*, 4 Cush. (Mass.) 332; *State v. Trask*, 6 Vt. 355; *Bowman v. Wickliffe*, 15 B. Mon. 84; *Hall v. McLeod*,

2 Metc. (Ky.) 98; *Bedinger v. Bishop*, 70 Ind. 244; *Davis v. Clinton*, 58 Iowa, 399.

*Stephens & Bigger* and *Huston & Parrish* for respondents.

(1) The road plat book showing a forty foot road along the north and west sides of this land was *prima facie* evidence of the existence of such road, and the evidence showed that the hedge trimmed and scraps of old fence removed were easily within that limit of twenty feet. Gen. Stat. 1865, sec. 8, p. 291; R. S. 1879, sec. 6987, p. 1375; R. S. 1879, sec. 7516, p. 1470; R. S. 1889, sec. 8552, p. 1978. (2) It is true the plaintiff denies that there is any public road there, but the evidence of dedication is overwhelming. To put it mildly, the evidence tends to prove it, and the jury have so found. Dedication depends upon the intention at the time, not on *ex post facto* intentions; and whenever such intention is manifested and the public accept and use, the dedication is complete and irrevocable. *Ragan v. McCoy*, 29 Mo. 356; *Pierce v. Chamberlain*, 82 Mo. 618; *Kaime v. Harty*, 73 Mo. 316. (3) The appellant's counsel appear to labor under the impression and argue that the statute only contemplates and authorizes the trimming of hedges on the exact imaginary line between the road and private property, and that if the hedge stands back any distance whatever from the line there can be no entry on private property, and the hedge can not be cut. (4) The instructions given for appellant properly put the case to the jury on the plaintiff's theory that he had maintained the rail fence where he first built it. As a condition to a verdict for defendant the jury had to find that he did not so maintain it. "A thing which is within the intention of the law maker is as much within the statute as if within

the letter." *Reddich v. Walsh*, 15 Mo. 519; *Connor v. Railroad*, 59 Mo. 285; *Selden v. Hall*, 21 Mo. App. 452; *City of St. Louis v. Hertel*, 14 Mo. App. 467; *Schultz v. Railroad*, 36 Mo. 13; *State v. King*, 44 Mo. 283; *Neenan v. Smith*, 50 Mo. 525; *Spiten v. Young*, 63 Mo. 42; *State v. Develing*, 66 Mo. 375. The first cardinal rule is to find out what was the intention of the law maker; second, what was the mischief intended to be prevented.

ELLISON, J.—Plaintiff brought this action against defendants on account of their cutting down his osage hedge and tearing down his rail fence. The trial below resulted for defendants and plaintiff appeals.

Defendant seeks to justify his cutting the hedge and removing the fence by showing that he was road overseer for the district which included plaintiff's lands, and that the rail fence was standing in the public highway, and the hedge being more than five years old had been permitted by plaintiff to grow to a height of twenty feet; that he cut it down after giving the plaintiff the requisite notice, to a height of not less than four feet, nor more than five feet, under the provisions of the statute, 1889, sections 5053–5055.

The facts as presented by plaintiff's abstract are, that some time in 1866, plaintiff being the owner of one hundred and sixty acres of prairie land, inclosed it with a rail or worm fence. On the north and west, the places in question here, he set this fence in fifteen feet on his land so that, the adjoining landowner doing the same, there would be left a road way of thirty feet in width. Some time afterwards he set out a hedge from five to ten feet inside of this fence, his purpose being, according to his own testimony, to make a "windbreak" for his stock, he being a feeder of large numbers of cattle. After many years the rail fence begun

to prove insufficient in several places. In such places he joined it with the hedge so that in fact his land was in this way inclosed by the fence and hedge. Finally, in 1891, defendant, as road overseer, notified him, under the statute aforesaid, to trim the hedge down to the prescribed height. On his failing to do so at the expiration of thirty days, defendant cut it down to the height prescribed by statute and removed the rail fence from the outside to the inside of the hedge. It is not pretended that there was ever any public road laid out there by legal process or proceeding. It may be stated though, that the record discloses quite clearly that plaintiff dedicated the portion of the road which was on his side the line and that the public accepted and used it from 1866 up to the time of this trial. The real question then is, did he dedicate to the rail fence, or to the hedge. For unless the hedge was "upon the line of (any) a public highway" as contemplated by the statute, defendant had no right to interfere with it.

We have seen nothing whatever in the record to show that plaintiff ever dedicated or intended to dedicate any of that portion of the land lying between his rail fence as it remained at the time of the trespass, and the hedge. Such portions of the fence had remained on the one line for twenty-five years. The ground between it and the hedge had never been acquired by the user of the public, nor had plaintiff ever thrown it out to the commons.

Nor do we see any sufficient evidence, under the law governing the case, to show that plaintiff dedicated that portion lying between the line where his fence had disappeared and the hedge. There is no evidence in the abstract sufficient to show an intention to dedicate more land for a road than was included in that portion which plaintiff left outside of his inclosure when he inclosed the land with the rail fence in 1866. In order

to make a common law dedication in this state, "the proof must be so cogent, persuasive and full as to leave no reasonable doubt of the existence of the owner's intent and consent." *McShane v. City*, 79 Mo. 41; *City of Kansas v. Ratekin*, 30 Mo. App. 416. The mere fact that as perhaps portions of his fence would from time to time become insufficient plaintiff connected it at such points with the hedge, does not, of itself, by any means show that he was thereby dedicating to the public at such irregular places the space thus left uninclosed. It will be seen from the views herein expressed that in our opinion plaintiff's instruction number 2, should have been given unamended. On another trial it would be well to incorporate in said instruction, if the evidence shall justify it, the hypothesis of the public having acquired by limitation and user the land between the hedge and original line of fence at the points where the fence had been taken away by plaintiff; for though plaintiff may never have dedicated such land, it is possible that the circumstances, situation and facts are such as to show that the public used adversely such portions or pieces of ground as a road in a manner and for a time sufficient to make it a part of the road. But we can not, of course, anticipate what will develop in this respect, nor is it necessary to state what we consider to be the law as to what sort of use of pieces of land like these would establish under legal principles a right in the public.

Defendant's first instruction should not have been given for the reason that there was no evidence to show that the hedge was on the line of the public road for the full distance covered by the trespass as the instruction seems to contemplate. At most it was only along the line of a road at points where plaintiff had removed his rail fence. Defendants' fourth instruction should not have been given for the reason that portions of it

has no evidence in support thereof. There is nothing shown to indicate that plaintiff intended to *give* or *dedicate* any land between the fence and hedge. The bare fact that a man sets out a hedge inside his inclosure near his fence, without more, is not evidence that he intends to dedicate the land lying between; and if it was plaintiff's intention to do so in the future he certainly had not yet carried out such intention.

The judgment will be reversed and the cause remanded. All concur.

## ON REHEARING.

ELLISON, J.—A rehearing was granted in this case in order that defendants might have an opportunity of presenting their side of the case, they having shown sufficient reason for not having appeared in the first instance.

We have discovered no reason to change our view of the case as expressed originally. Much of the disputed matter may well be eliminated on another trial from the fact that we regard the land fifteen feet in from the line as having been dedicated by plaintiff for a public road. It was so accepted by the public and was used and worked by the public for near twenty-five years. Also from the further fact that we have discovered no evidence of a dedication of the land lying between the line of the rail fence and the hedge. If any part of the latter ground was a part of the public road it must have become so by adverse user by the public, as stated in the original opinion. This adverse use could only apply (if to any) to that portion of the lands where the rail fence had decayed or been removed.

There are several questions suggested by the brief in behalf of defendants which are not in the case before

us. We must dispose of the case on the theory upon which it was tried and that was, whether the public road extended to the line of the rail fence, or to the hedge. The judgment will be reversed and the cause remanded. All concur.