THE STATE OF MISSOURI, Respondent, v. MALCOLM M. CAMPBELL, Appellant.

### Kansas City Court of Appeals, April 24, 1899.

1. **Roads and Highways**: OBSTRUCTION OF: STATUTE AND COMMON LAW: INDICTMENT. An obstruction that appears to interfere with the public's rights, or to endanger the safety of travelers, or annoy those coming in contact with it at a place on the right of way of a public road, is an obstruction thereof and indictable as a nuisance at common law if not under the statute.

2. **Criminal Law**: OBSTRUCTION OF HIGHWAY: ANCIENT ROAD. In a prosecution for obstructing a highway by depositing stone and brick in the drain outside of the traveled road or track, it must be shown that such deposit was within the right of way and impeded the lawful use of the highway or some part thereof, and in the absence of such showing there can be no conviction..

*Appeal from the Gentry Circuit Court.*—HON. C. A. ANTHONY, Judge.

REVERSED.

PATTON & SHOEMAKER and McCULLOUGH, PEERY & LYONS for appellant.

(1)   As the act charged in the indictment does not fall within the express terms of the statute (R. S. 1889, sec. 7827), the indictment no doubt was intended to charge a common law offense, and it is by us so considered. State v. Turner, 21 Mo. App. 324. There was absolutely no testimony offered in the case tending to establish the fact that filling brick, stone and dirt into the drain in controversy obstructed the road at this point. The whole effort of the state was directed to the establishment of an obstruction in the road directly east of this drain in the nature of a gully worn in the road by the flow of water from the west side to the east side of the road. As there is no allegation of this character in the indictment all of this evidence is outside of the case and should be rejected. The indictment must be certain as to the facts charged. Kelley's Crim. Law, sec. 184; State v. Cox, 29 Mo. 475. The first and third instructions given on the part of the state are erroneous. 2 Whart. C. L. [8 Ed.], secs. 1474, 1478; 1 Bishop on Crim. Law, secs. 530, 212; Elliott on Roads and Streets, p. 477; State v. Wheeler, 79 Mo. 366; State v. Dillihunty, 18 Mo. 331; State v. Kavanaugh, 133 Mo. 462; Matthews v. Railway, 26 Mo. App. 75. It also informs the jury that the public are entitled to the use of the highway through its whole width, of the drains and ditches, as well as the traveled track, and omits to inform the jury that every proprietor of land adjoining a highway has the right to reasonable access to its traveled parts. 1 Am. and Eng. Ency. of Law, pp. 79, 80; Elliott on Roads and Streets, p. 526; Lackland v. Railroad,

31 Mo. 180; 24 Cent. Law Journal, 51; University v. Lexington, 3 B. Mon. (Ky.) 25; s. c., 38 Am. Dec. 173; see note to Mayhew v. Norton, 28 Am. Dec. 302; 1 Bishop on Crim. Law, secs. 530 and 212; Elliott on Roads and Streets, p. 477.

JOHN A. SHOWEN for respondent.

(1)   The indictment is good under the statutes, Revised . Statutes, 1889, for the reason that this statute creates no new offense, but merely enlarges an offense indictable at common law.   State v. Turner, 21 Mo. App. 324, and case cited. And even if the indictment was not good under the statute, it is good at common law.   State v. Appling, 25 Mo. 315; State v. Rose, 32 Mo. 560; State v. Turner, 21 Mo. 324. (2)   The evidence showed that the road in question was a state road sixty feet wide, surveyed, laid out and established about forty years ago, by the commissioners, and had been used and worked continuously ever since that time as a public highway.   The evidence also shows that the outer edge of the obstruction was only nineteen and one-half feet west from the center of the road, thus showing that it was over ten feet on the right of way from the west side of the road.   Under the law that existed at that time, all state roads were sixty feet wide, 2 R. S. 1856, chap. 137, sec. 28, and should extend thirty feet each way from the center line of the road. 2 R. S. 1856, chap. 137, sec. 14.   This strip of land sixty feet wide, after once being converted into a public highway, as the evidence shows it was, always continues to be the public road, and never reverts to the adjoining land owner unless by due process of law, and it devolves upon the defendant to show such legal reversion.

SMITH, P. J.—The indictment in the case charged the defendant with unlawfully and knowingly obstructing a certain public road "by filling brick, stone and dirt into the drain along the sides of said road and upon the right of way of said

road to the great hindrance, annoyance and inconvenience of the citizens of the state, against" etc.

It will be seen by reference to the provisions of section 7827, Revised Statutes, that there was no offense charged under that section. But any unauthorized or unreasonable obstruction of a highway which necessarily impedes or incommodes the use thereof, is a public nuisance at common law. Elliott on Roads and Streets, 476 and cases there cited. Bishop's Crim. Law, sec. 531; Wharton's Crim. Law, sec. 1274. Any encroachment upon any part of the highway, whether upon the traveled part thereof or on the sides comes clearly within the idea of nuisance. Every person has a right to go over or upon any part of the highway, and the fact that from notions of economy, or otherwise, the public authorities having the same in charge have not seen fit to work the whole of it, does not alter or change the right. A traveler has the right to go anywhere on the right of way outside of the beaten track of the highway if he so chooses, and any obstacle placed in the way of his doing so is an infringement and obstruction of a public right, and an annoyance and therefore a public nuisance.

*Roads and highways: obstruction of: statute and common law: indictment.*

The obstacle must however, be of such a character and kind as to operate as an obstruction to public travel, or to public rights, or to endanger the safety of persons traveling there, or as to offend and annoy those who come in contact with it. Wood's Law Nuis., sec. 248; Wharton's Crim. Law, sec. 1473. Such a disturbance of the public convenience or safety is indictable at common law. Bishop's Crim. Law, sec. 530; State v. Turner, 21 Mo. App. 324. The indictment here is therefore sufficient at common law. And on it the defendant was tried and convicted.

The principal question now presented for decision is, whether the evidence disclosed by the record is sufficient to sustain the conviction? No act of the legislature, nor order

CRIMINAL law: obstruction of highway: ancient road.

of the county court establishing or authorizing the opening of the highway was introduced in evidence. There was however evidence tending to prove the highway to have been used by the public for forty or fifty years prior to the time of the alleged obstruction. It does not appear that the highway was ever authorized to be opened any particular width, or that the public by grant or by the exercise of the power of eminent domain ever acquired a right of way of any specified width at the alleged point of obstruction. The road described in the indictment was clearly shown to be an ancient road. Outside of the limits of the track or road used by the public there is no evidence of the acquisition by the public of a right of way of any width whatever. The right of the public, so far as appears from the evidence, was confined to that part used and occupied by it. The defendant was the abutting landowner on the west side of the road. The drain described in the indictment was, too, on the west side of the traveled road. It interfered with the full enjoyment of the defendant's easement of access. He filled up such drain to secure convenient access to the public road. Since the drain was not in the limits of the traveled road or track the filling it up even with the surface of such traveled road or track was not an obstruction of the latter. So far as is disclosed by the evidence the alleged obstruction was on the defendant's own land and not in the public road. The road overseer had no right to dig such drain outside of the traveled road or track so as to cut off the defendant's access to the latter. It follows that the defendant was not guilty of any offense against the public if he filled up the drain so as to reach the highway from his own premises.

If the state had shown that the stone and brick deposited by defendant in the drain, though outside of the traveled road or track was within the right of way, and that such deposit incommoded or impeded the lawful use of the highway, or any

part thereof, by the public, we should sustain the conviction; but since there is an absence of such showing we can not uphold the same.

In this view of the case it becomes unnecessary to notice the other grounds urged for a reversal. The judgment will accordingly be reversed, and the defendant discharged. All concur.