KNOXVILLE RY. & LIGHT CO. *v.* O'FALLEN *et ux.*

(*Knoxville.* September Term, 1914.)

1. **EMINENT DOMAIN. Injunction. Compensation.**

Where a public service corporation takes land under condemnation proceedings, on charter proceedings, it is not a trespasser, and cannot be sued as such; but where such corporation is about to enter upon land to appropriate without the institution of condemnation proceedings, it may be enjoined until compensation shall be secured or paid. (*Post, pp.* 271-274.)

Code cited and construed: Secs. 1844, 1866 (S.).

Cases cited and approved: Mitchell v. Turnpike Co., 22 Tenn., 456; Railroad Co. v. Adams, 40 Tenn., 596; Colcough v. Railroad, 39 Tenn., 171; Simms v. Memphis, etc., Railroad, 59 Tenn., 621; Saunders v. Railroad, 101 Tenn., 206; Doty v. Telephone & Telegraph Co., 123 Tenn., 329; Parker v. Railroad, 81 Tenn., 669; White v. Railroad, 54 Tenn., 528; Snoddy v. Kreutch, 40 Tenn., 301; Large v. Dennis, 37 Tenn., 595; Walker v. Fox, 85 Tenn., 154; Lieberman, Loveman & O'Brien v. Clark, 114 Tenn., 117.

2. **EMINENT DOMAIN. Action for damages.**

Where a railroad company appropriated land without proceedings for assessment of damages, the landowner, suing for damages under Shannon's Code, sec. 1866, providing that, in case land has been actually taken, the owner may petition for a jury to assess the value, or he may sue for damages in the ordinary way, must either prove title deraigning it from the State, or he must show possession. (*Post, pp.* 271-274.)

FROM KNOX.

Error to the Circuit Court, Knox County.—Von A. Huffaker, Judge.

Shields & Cates, for plaintiff in error.

Noble Smithson, for defendants in error.

Mr. Chief Justice Neil delivered the opinion of the Court.

It is true that, where a public service corporation takes land under condemnation proceedings, it is not a trespasser, and cannot be sued as such, but the remedy of the landowner is that only which is prescribed by the charter. *Mitchell* v. *Turnpike Co.,* 22 Tenn. (3 Humph), 456; *Tennessee & Alabama R. R. Co.* v. *Adams,* 40 Tenn. (3 Head), 596; *Colcough* v. *Nashville & N. W. R. Co.,* 39 Tenn. (2 Head), 171; *Simms* v. *Memphis, Clarksville & Louisville R. Co.,* 59 Tenn. (12 Heisk.), 621. The same result would necessarily follow where condemnation proceedings were instituted under the general statutes regulating the exercise of the right of eminent domain, although there might be no provision in the charter on the subject. Shannon's Code, sec. 1844 *et seq.* Therefore ejectment would not lie. *Saunders* v. *Railroad,* 101 Tenn. (17 Pick.), 206, 47 S. W., 155; *Doty* v. *Telephone & Telegraph Co.,* 123 Tenn. (15 Cates), 329, 130 S. W., 1053, Ann. Cas., 1912C, 167. But such a corporation about to enter upon land to appropriate it without the institution of condemnation proceedings, or not in pursuance of any

charter provisions, may be enjoined in equity until compensation shall be secured or paid; that is, enjoined from further using the land until such security is given or compensation paid. *Parker* v. *Railroad Co.,* 81 Tenn., (13 Lea), 669; *White* v. *Nashville & Northwestern Railroad Co.,* 54 Tenn. (7 Heisk.), 528. The present controversy arises under Shannon's Code, sec. 1866, which reads as follows:

"If, however, such person or company has actually taken possession of such land, occupying it for the purposes of internal improvement, the owner of such land may petition for a jury of inquest, in which case the same proceedings may be had, as near as may be, as hereinbefore provided; or he may sue for damages in the ordinary way, in which case the jury shall lay off the land by metes and bounds and assess the damages, as upon the trial of an appeal from the return of a jury of inquest."

The plaintiff in error entered upon the land in controversy without any condemnation proceedings and without any special provision in its charter on the subject. The defendants in error, under authority of the section quoted, sued for damages. The plaintiff in error denied defendants in error's ownership of the property. The latter proved a deed executed by one I. T. Foster and wife, but did not deraign title back to and from the State, or provide any basis for the curative presumption that takes the place of proof of title, nor even show they were ever in the actual possession of the land. Plaintiff in error insists that ac-

tions for damages under the section referred to must be likened to actions of trespass, and that the defendants in error must either show title or actual possession at the time the railroad company entered upon the land. *Snoddy* v. *Kreutch,* 40 Tenn. (3 Head), 301; *Large* v. *Dennis,* 37 Tenn. (5 Sneed), 595, 596; *Walker* v. *Fox,* 85 Tenn. (1 Pick.), 154, 2 S. W., 98. Defendants in error controvert this conclusion, but we can see no escape from it. The statute says "the owner of such land" may sue for damages. But how is the owner discovered? Either by proof of title or by proof of actual possession. In ejectment the former is required, but a trespasser cannot require such proof when he has invaded the actual possession of another. To him it is a sufficient answer that he has violated such actual possession. *Lieberman, Loveman & O'Brien* v. *Clark,* 114 Tenn., 117, 85 S. W., 258, 69 L. R. A., 732. Any other view would induce the disastrous result that a trespasser could require the occupant to prove his title, which is often a very difficult thing to do, and a burden which a trespasser has no right to impose. So it is that one who claims land upon which a public service corporation has entered without authority of law must either seek protection on the ground that his actual possession has been violated or his constructive possession. If the former, he may obtain relief by showing merely such actual possession. If the latter, he must show title. To show title means not merely one deed, but a chain of title leading back to the State. Of course, title may be

130 Tenn. 18

shown by seven years' adverse possession of granted land, or by twenty years' adverse possession. But, as against a mere trespasser, only actual possession need be shown at the date of the trespass, and in such a case the plaintiff would not be required to go further. The section quoted gives the right of action to the "owner of the land." The plaintiff must show that he is owner. In such an action, this may be done, as stated by proof of actual possession at the time the land was entered upon. In the absence of this, there must be proof of title. In the case before us defendants in error prove neither, and their action must necessarily fail.

The result is the judgment of the court of civil appeals must be reversed, and the suit dismissed, with costs.