FRANK SANDERS, Executor of the Estate of M. E. BERRY, Deceased, Plaintiff-in-Error. v. SULLIVAN COUNTY et al., Defendants-in-Error. —348 S. W. (2d) 909.

Western Section.   June 8, 1960.

Certiorari Denied by Supreme Court December 9, 1960.

532

Stacy J. Grayson, Bristol, for plaintiff in error.

Ernest F. Smith, Kingsport, Penn, Hunter, Smith & Davis, Kingsport, of counsel, for defendants in error.

CARNEY, J.  The petitioners below, Sullivan County, Tennessee, Washington County, Tennessee, and the municipalities of Bristol, Kingsport and Johnson City, Tennessee, filed in the Circuit Court of Sullivan County a petition seeking the condemnation of 15.752 acres of land belonging to defendant below, M. E. Berry.  This land lay adjacent to the Tri-Cities Airport near Kingsport and was taken for expansion of the operation of the airport.

Judge Raymond C. Campbell of the 1st Judicial District presided by Interchange with Judge John R. Todd of the 20th Circuit who recused himself because prior to his election as Circuit Judge he was attorney for the defendant, M. E. Berry.

A jury of view fixed the value of the land appropriated at $26,400 and incidental damages at $1,600.  The condemnors appealed from this award and a Circuit Court jury fixed the value of the 15.752 acres of land taken at $18,750 and fixed the incidental damages accruing to the remaining land owned by the respondent, M. E. Berry, at $3,250.  The verdicts were entered and judgments rendered thereon in Circuit Court.

After the entry of the judgments as above set out petitioners filed a motion that notwithstanding the verdict of the jury and the judgment of the court thereon petitioners' motion for a directed verdict made at the conclusion of all the proof be sustained, and the award of incidental damages of $3,250 be set aside and that in the alternative petitioners have and be granted a new trial upon the item of incidental damages.  The Trial Judge sustained the

motion and set aside the judgment for $3,250 incidental damages and granted the motion of petitioners for a directed verdict on the item of incidental damages and taxed the costs of the entire case against the respondent, M. E. Berry.

The respondent, M. E. Berry, thereupon moved the court to set aside his judgment sustaining the petition to disallow incidental damages which was overruled by the court and M. E. Berry, landowner, perfected his appeal in error from the action of the Circuit Judge to this court. Since perfecting his appeal Mr. Berry has died and the cause has been revived in the name of the present plaintiff-in-error, Frank Sanders, executor of the estate of M. E. Berry.

No question is made on this appeal as to the reasonableness of the jury's valuation of $18,750 for the land actually taken. This amount has been paid by the condemnors and received by the landowner.

The record indicates that the landowner, Mr. Berry, was 79 years of age and engaged in farming, principally beef cattle. His home and barn were situated on a tract containing approximately 30 acres located north of State Highway No. 37 which Mr. Berry purchased in 1907. Just across the road and south of State Highway No. 37 Mr. Berry owned another tract of land containing 15.752 acres which he had owned since 1913.

Both tracts of land were farmed as one unit. The land north of the road on which the house and barn are located is somewhat hilly and rocky and kept in permanent pasture. The land south of the road and which lies adjacent to the Tri-Cities Airport lies much more nearly level. On this land Mr. Berry was accustomed to growing his row

crops such as tobacco, etc., and more recently he maintained a good stand of alfalfa and orchard grass which he cut for hay for his beef cattle. The level land south of the road and adjacent to the airport is the tract condemned for expansion of the airport facilities.

The record clearly shows that the 15.752 acre tract of land taken for airport purposes is not worth $18,750 for farming purposes. Probably $5,000 would be a much closer value for farming purposes only. However there is ample proof that the land in this vicinity is very valuable for residential and commercial purposes. Some of the witnesses estimated it as high as $2,000 per acre. So the conclusion is inescapable that the jury fixed the value of the land taken on the basis of commercial and residential values rather than on farming values.

On the issue of incidental damages the jury heard testimony from Mr. Berry and others that whereas his home was formerly located several hundred feet from the airport property and the then existing runways, after the taking for airport purposes his residence would be only 155 feet from the new taxi strips to be laid at the airport; that the noise and danger from airplanes would be thereby greatly increased and possibly at some future time airplanes might fly directly over his home at low altitudes.

In addition Mr. Berry and his witnesses testified that Mr. Berry could no longer farm the land north of the road profitably because he had lost his good farming or tillable land south of the road; that his land north of the road was hilly and he would not plow it up; that he had investments in his barns and improvements which could no longer be used profitably.

The condemnors contended in the court below and contend in this court that Mr. Berry, and therefore his executor, Mr. Sanders, is not entitled to incidental damages in the present case for two reasons: (1) The tract taken was entirely separated and disconnected from the remaining land of Mr. Berry located across the road and (2) that since the jury fixed the value of the land taken on the basis of subdivision purposes and set a value much higher than they would have if they had limited the value of the land for farming purposes, therefore Mr. Berry was not entitled to incidental damages because his farming operations would be thereby curtailed by the condemnation of the 15.752 acre tract of land. The Circuit Judge apparently agreed with both of these insistences.

The two tracts of land have always been separated by a small road but Mr. Berry has always operated them as one unit since he became the owner of both tracts of land in 1913. In 1936 he deeded the State of Tennessee a strip of land 80 feet wide across the width of the 15.752 acre tract of land as a right of way for the new State Highway No. 37.

The general rule throughout the United States seems to be that where two or more tracts of farm land, though separated from each other by highways or water courses and though they may have been acquired at different times by the landowners, are being worked together as a single farming operation, the landowner is entitled to incidental or severance damages when one of the tracts is taken for public use. 18 Am. Jur., Eminent Domain, Section 270, page 910; 6 A. L. R. (2d) 1220.

Our appellate courts have recognized and followed this general rule. In the case of Lewisburg & N. R. Co. v.

Dudley, 1929, 161 Tenn. 546, 30 S. W. (2d) 278, the railroad condemned a lot 50 feet by 195 feet in size and the landowner claimed incidental damages to a 29½ acre tract of land located on the other side of a 40-foot street which separated his two parcels of land.

The Railroad contended that the landowner was not entitled to incidental damages to the 29½ acre tract because the parcel taken was not actually a part of the 29½ acre tract; that the two parcels were separated by a 40-foot street and that the lot actually taken was not in common use with the 29½ acre tract.

The Trial Judge sitting without a jury made a finding of fact that the landowner had been using the lot actually taken together with the 29½ acre tract as a country home and for the commercial development of a spring and that both parcels of land were held and used by the landowner for a common purpose and to which purpose the parcels were well adapted.

The Trial Court fixed the value of the lot taken at $400 and assessed incidental damages to the remaining 29½ acre tract at $10,000. The Court of Appeals affirmed the holding of the Trial Court that the landowner was entitled to incidental damages but reduced the amount of the award from $10,000 to $3,000. The Supreme Court granted certiorari and affirmed the judgment of $3,000 for incidental damages awarded by the Court of Appeals.

It is interesting to note that Chief Justice Green in the case of State v. Rascoe, 181 Tenn. 43 at page 53, 178 S. W. (2d) 392, erroneously referred to the case of Lewisburg & N. R. Co. v. Dudley, supra, as holding that incidental damages to the 29½ acre tract were not recoverable by the landowner.

Since there is no dispute in the present case that Mr. Berry was operating these two parcels of land as one farming operation we hold that he is not to be denied his right of incidental damages to the remaining land north of the highway solely because the lands were acquired at different times and separated physically by the highway.

Next, we consider the insistence by condemnors that Mr. Berry is not entitled to incidental damages as a result of being unable to farm the remaining land profitably because the jury did not use the farming values in determining the value of the land actually taken. We are constrained to disagree.

In determining the value of the land actually taken the jury was required to consider any and all uses for which the land taken was adapted. Alloway v. City of Nashville, 1889, 88 Tenn. 510, 522, 13 S. W. 123, 8 L. R. A. 123. After determining the value of the land actually taken, the jury was properly charged by His Honor the Trial Judge to ascertain the damages resulting to the remaining tract of land. Our Tennessee Supreme Court has construed incidental damages in such cases to mean the depreciation in market value of the residual property. Lewisburg & N. R. Co. v. Hinds, 1915, 134 Tenn. 293, 317, 183 S. W. 985, L. R. R. 1916E, 420.

Our Courts have also held that the jury is required to take into consideration all facts which would, in an appreciable degree, capable of ascertainment in dollars and cents, lessen the market value of the land so left including the propinquity of the residual property to the improvement and the operation and maintenance of same such as a railroad or water reservoir. Lewisburg & N. R. Co. v. Hinds, supra, and Alloway v. Nashville, 88 Tenn. 526, 13 S. W. 123, 8 L. R. A. 123.

■ In State v. Rascoe, et al., 1943, 181 Tenn. 43, 178 S. W. (2d) 392, our Supreme Court, speaking through Chief Justice Green, held by implication that propinquity of a landowner to an airbase was a proper element to be considered by the jury in assessing incidental damages where a portion of the landowner's property was being taken for the establishment of the airbase.

In the present case the record shows that the residual property of Mr. Berry located on the north side of the highway, not taken for the airport, was adapted, immediately prior to the taking, for subdivision and commercial development purposes and also was adapted for use as a home and part of a farming operation. Immediately after the taking the residual property was no longer adapted for a profitable farming operation and the barn and possibly other farming buildings became much less valuable. The property was still adapted for use as a home and also for use for subdivision and commercial development purposes but the witnesses testified that such property was less desirable for such purposes because it would be located much nearer the airport property than prior to the taking.

■ Thus it appears that there was material evidence from which the jury reasonably could find that the market value of Mr. Berry's land not taken for the airport was substantially decreased after the taking of a portion of his land for airport purposes. The jury determined these incidental damages to be $3,250 and if the Trial Court had approved the verdicts this court would affirm a judgment for said amount.

■ Since it does not appear that His Honor the Trial Judge has approved the verdict of the jury as the thir-

teenth juror, this court cannot enter judgment in the amount of $3,250 as awarded by the jury but must remand the cause for a new trial. State ex rel. Richardson v. Kenner, 172 Tenn. 34, 40, 109 S. W. (2d) 95; McLaughlin v. Broyles, 36 Tenn. App. 391, 255 S. W. (2d) 1020.

Two other matters remain to be noticed. Condemnors made the further insistence in the Trial Court and in this court that the defendant, Mr. Berry, was not entitled to incidental damages because Mr. Berry held title to the northern or remaining tract as tenant by the entirety and he held only an undivided interest in the southern tract as a tenant in common. The condemnors introduced in evidence copies of deeds from W. M. Felty and wife and A. F. White, et al., conveying the northern or remaining tract to Mr. Berry and wife as tenants by the entireties in 1907.

Apparently the record title to the 15.752 acres of land taken in the condemnation was not clear and the condemnors made as parties defendant Mr. Berry and several other named persons as legal owners of said 15.752 acre tract of land. A number of deeds from one or more of these other parties conveying their various interests in parcels of land located near the Tri-Cities Airport to M. E. Berry are introduced in the record and the descriptions therein indicate that such parcels of land are a part of the 15.752 acre tract of land sought to be condemned. All of the parties defendant entered their appearance through Mr. John R. Todd their attorney. Judgment was rendered in favor of all of the respondents in the amount of $18,750 as the value of the land appropriated and the title divested out of all of them and vested in the condemnors.

Mr. Berry testified upon the trial that he was the sole and exclusive owner of the 15.752 acre tract of land and had been since 1913. None of the other defendants testified in the cause and the record is silent as to any claim by them to any present interest in said 15.752 acre tract of land. All the witnesses refer to the 15.752 acre parcel as being Mr. Berry's land.

Upon the argument of the case attorney for plaintiff-in-error stated that Mr. Berry had received the full $18,750 award as the value of the land taken. There appearing no evidence to the contrary, for the purpose of this appeal, we must assume that Mr. Berry was the owner in fee simple of the land condemned by adverse possession or otherwise.

The condemnors cite and rely upon the case of Tillman v. Lewisburg & N. R. Co., 1915, 133 Tenn. 554, 182 S. W. 597, L. R. A. 1916D, 259, in which our Supreme Court held that where the wife owned one tract of land individually and she and her husband owned another tract of land as tenants by the entirety and both tracts of land were being operated as one unit, the wife was not entitled to incidental damages to her tract of land owned individually when the railroad condemned a right of way through the tract owned by her and her husband by the entirety.

It would seem at first blush that this case is controlling of the case at bar and that Mr. Berry would not be entitled to incidental damages resulting to the land north of the highway owned by him and his wife by the entirety as a result of the taking of the 15.752 acre tract of land owned by him individually. However, strangely enough, our search of the record has failed to find any

mention of the wife of M. E. Berry. She was not made a party defendant to the condemnation proceedings and Mr. Berry was not asked on direct examination or cross-examination whether she was living or dead. Under these circumstances and in the present state of the record we must necessarily infer that Mrs. Berry was dead at the time of the institution of the suit for condemnation and that therefore Mr. Berry was the owner individually of both parcels of land involved in this litigation. Therefore the ruling in Tillman v. Lewisburg & N. R. Co., 133 Tenn. 554, 182 S. W. 597, L. R. A. 1916D, 259, is not controlling.

His Honor the Trial Judge in setting aside the verdict of the jury as to incidental damages taxed all of the costs of the entire proceeding against the respondent, M. E. Berry, et al. This is made the basis of an assignment of error by the plaintiff-in-error, Frank Sanders, Executor. In our opinion this assignment of error is well-taken and should be sustained. This entire litigation was initiated by the condemnors and it was all done for their benefit. Up to this point Mr. M. E. Berry and his representative have been entirely successful. Since we feel that the case must be reversed for a new trial on the issue of incidental damages we are of opinion that all of the costs of the first trial in the court below and accruing in this court on this appeal should be taxed against the condemnors. All costs accruing subsequent to the remand of this case shall be assessed by the lower court.

Accordingly, the assignments of error are sustained and the cause remanded for a new trial as herein set out.

Avery, P. J. (W.S.), and Bejach, J., concur.