**A. C. WILKINSON and wife, Marion Wilkinson, Plaintiffs-Appellees,**

v.

**COFFEE COUNTY, Tennessee, Defendant-Appellant.**

Court of Appeals of Tennessee, Middle Section.

Oct. 29, 1971.

Affirmed by Supreme Court Oct. 16, 1972.*

Fred Gilliam, Manchester, Henry, McCord, Forrester & Richardson, Tullahoma, for plaintiffs-appellees.

David M. Pack, Atty. Gen., Charles W. Speight, Commissioner of Highways & Public Works, Lurton Goodpasture, Asst. Atty. Gen., Garrett, Shields & Rogers, Manchester, for defendant-appellant.

OPINION

SHRIVER, Judge.

The parties will be referred to as petitioners and defendant, as they appeared in the Court below.

* NOTE: Court of Appeals opinion and judgment affirmed by Supreme Court in a Per Curiam Memorandum stating that certiorari was granted to reaffirm the proposition that in a case involving trespass on real property, either title or possession in plaintiff must be shown. However, consideration of the Court of Appeals opinion and the concurrence of the Trial Court and Court of Appeals as to the facts satisfied the Court on the proposition in question and, therefore, "The judgment of the Court of Appeals stands affirmed."

THOS. A. SHRIVER

This is an inverse condemnation case in which A. C. Wilkinson and wife contend that their means of ingress and egress to and from a 143 acre tract of unimproved timber land in Coffee County, Tennessee was destroyed by the construction of Interstate Highway 24 and the closing of the road leading to that property.

On December 31, 1969, petitioners instituted suit in the Circuit Court of Coffee County, Tennessee against Coffee County, pursuant to the provisions of Section 23–1423 T.C.A., seeking damages as a result of the destruction of their right of ingress and egress by the closing of the road leading from the Panhandle Road in that County to petitioners' tract of land.

On April 15, 1970, the defendant filed a Plea of the Statute of Limitations. Replication to that plea was filed by the petitioners on May 13, 1970, which plea was heard by the Court and overruled.

Thereafter, on October 9, 1970, the defendant filed its general issue plea of not guilty.

The case was tried on October 9th, 1970, before the Honorable Wallace J. Smith, Special Judge, and a jury, resulting in a verdict and judgment in favor of the petitioners wherein their damages were fixed at $3,500.00. The verdict was approved by the Trial Judge and judgment accordingly entered on December 17, 1970.

At the conclusion of petitioners' proof, defendant moved for a directed verdict on the ground that petitioners had not proven title to the land in question by deraignment of title from the State, nor had they proved actual possession. This motion was overruled and was renewed at the conclusion of all the proof when it was again overruled. Motion for a New Trial was duly filed by the defendant and overruled and an appeal to this Court granted and duly perfected.

## ASSIGNMENTS OF ERROR

There are six assignments of error which may be summarized by the insis-tence of counsel for the defendant that the Court erred in overruling defendant's motions for a directed verdict made at the conclusion of petitioners' proof in chief and, again, at the conclusion of all of the proof, because petitioners failed to prove title to or actual possession of the land in question.

In the Original Petition it is alleged that the petitioners, A. C. Wilkinson and wife, Marion Wilkinson, are the fee simple owners of a certain tract or parcel of land lying and being in the 16th Civil District of Coffee County, Tennessee, and being more particularly described as follows, (here follows a description of the land).

In August, 1969, the defendant, Coffee County, on behalf of itself and the Department of Highways of the State of Tennessee, in the exercise of the power of eminent domain and without compensating petitioners and without their permission, entered upon petitioners' right-of-way of ingress and egress leading to and from their said land to the Panhandle Road, for the construction of a public highway in Coffee County, Tennessee, known as State of Tennessee, Department of Highways, Federal Aid Project 1–24–2(37)96, being a part of the Interstate Highway System; and that the defendant took and appropriated petitioners' right of ingress and egress to and from their land by closing a public road and thereby forever extinguished any and all access which petitioners had to and from their said lands and cut off and isolated their 143 acre tract of land.

As hereinabove indicated, the petitioners seek damages for the taking of access, ingress and egress to their land and the defendant filed a general issue plea of not guilty.

## THE EVIDENCE

It is shown that, pursuant to a decree of the Chancery Court of Coffee County rendered in the case of Ewell, Administrator of the Estate of Robert N. Preston, deceased, v. Electra Preston, et als, on Feb-

ruary 24, 1967, the Clerk and Master of said Court sold the property involved herein comprising 143 acres, more or less, at public auction, when the petitioners herein became the purchasers of said property for the highest and best bid. This sale was duly confirmed by decree of the Chancery Court of Coffee County and a deed dated March 27, 1967, of record in the Register's office of Coffee County, Tennessee, in Deed Book 115, page 737, was issued to them.

It is shown that petitioners' access to this tract of land was cut off by the building of the non-access highway across the road leading to their property, which property prior to the taking by the public authority lay some one-fourth to one-half mile southwest of the Panhandle Road, a public road in Coffee County.

Proof was offered by the petitioners as to the value of their land before and after the taking and no question is raised on this appeal as to the amount of the award.

As is stated in the Brief and Argument of counsel for the State and County, the sole issue presented by the assignments of error is whether, in order to recover under the facts disclosed by the record, petitioners were required to prove actual possession of the land in question at the time of the destruction of their means of ingress and egress or to deraign title from the State.

The proof of ownership of the property involved herein consists of the testimony of petitioner, Dr. A. C. Wilkinson, that he and his wife were the owners of the property described in the original petition, and Exhibit 6 to his testimony, being the Clerk and Master's deed, dated March 27, 1967, conveying the tract or parcel of land in question to A. C. Wilkinson and wife, Marion Wilkinson.

On cross-examination of the petitioner, A. C. Wilkinson, counsel for Coffee County, after repeatedly referring to the property in question as "your property", asked the question:

"You have owned the property since 1967, have you not?

and the petitioner's answer to that question was: "Yes, sir." He was then asked:

"I believe you purchased the property on March 27, 1967?

A. I am not sure about the date, but it is a public record."

He was then asked by Mr. Garrett if he actually got a deed, and his answer was that he did get such deed to said property.

Mr. Marion Williams was called as a witness for the defendant and, on direct examination by Mr. Garrett, stated that he was a Civil Engineer with the Tennessee Highway Department and was familiar with the property in question and access to it.

On cross-examination, he testified as follows:

"Q. Mr. Williams, you have been familiar with this property for how long?

A. Do you mean the entire tract?

Q. Yes, sir. About Dr. A. C. Wilkinson and his wife, the owners of this property?

A. I first came up to this corner to establish this property line in 1967 and 1968.

Q. This was the rear property line of Maupin, was that not?

A. That's correct."

▮ It is the contention of the defendant that, under the authority of Railway & Light Co. v. O'Fallen, 130 Tenn. 270, 170 S.W. 55, the petitioners were required to prove either actual possession of the land and the right of ingress and egress, or deraign title back to the State in order to prove ownership. It is insisted that the petitioners did not prove actual possession of the land and the easement in question at the time the road leading to the property

was closed, nor did they deraign title back to the State and, therefore, the assignments of error should be sustained and the petitioners' cause of action dismissed. It is conceded, however, that the destruction or serious impairment of a landowners' right of ingress and egress is a taking of property for which the condemning authority is liable.

Knoxville Railway & Light Co. v. O'Fallen, supra, holds that where land was actually taken by a Railroad Company without condemnation proceedings, the owner had the right to petition for a jury to assess the value, or he might sue for damages in the ordinary way and that, in that event, he "must either prove title deraigning from the state or he must show possession."

The Court said (p. 273, 170 S.W. p. 55):

"So it is that one who claims land upon which a public service corporation has entered without authority of law must either seek protection on the ground that his actual possession has been violated or his constructive possession. If the former, he may obtain relief by showing merely such actual possession. If the latter, he must show title. To show title means not merely one deed, but a chain of title leading back to the state."

We think the case of Whitlow v. Hardin County, 13 Tenn.App. 347, is important in seeking a determination of the issues involved in the case at bar.

In Whitlow, the Court quotes from and discusses the opinion in Railway & Light Co. v. O'Fallen, supra, and states as follows (354–355):

"We conceive the above to be a correct statement of the rule and well supported by authority. However, we think the facts as disclosed by this record not only shows ownership of the land in question in the plaintiff, but there is considerable evidence and every legitimate inference that plaintiff was in the actual possession of the land in question at the time it was appropriated. The plaintiff introduced in evidence a deed covering two of the tracts from which the right-of-way was taken. He did not produce and introduce in evidence a deed to the third tract over which a part of the right-of-way ran. He did not have the deed to that tract in his possession, but stated that it was recorded and that he would secure the deed if necessary. It seems, by inadvertence, his attorney failed to procure a certified copy of the deed and place it in evidence as he stated at the trial he would do. However, all of that portion of the land included in the right-of-way for which compensation is sought was repeatedly referred to as the land of plaintiff, and the County Court and its several committees appointed to adjust and settle with plaintiff repeatedly referred to the right-of-way in question as being on the lands of plaintiff. The committees and the County Court negotiated for several months with plaintiff in an effort to adjust and settle and in so doing referred to the property as the lands of plaintiff. It was also shown that he cultivated the land, and *there was certainly much evidence from which the jury could reasonably and properly infer that the plaintiff was in possession of the property as the owner at the time it was appropriated.* We do not think that the facts of this case bring it within the rule as announced in Railway & Light Co. v. O'Fallen, supra." [Emphasis ours]

In Sanders v. Sullivan County, 48 Tenn. App. 531, p. 540, 348 S.W.2d 909, in an opinion written by Judge Carney, this Court, in discussing a question similar to the one involved in the case at bar, observed that, apparently, the record title to the acreage involved and taken in the condemnation was not clear and that the con-

demnors made parties defendant several persons named as legal owners of the tract.

The Court then states (541, 348 S.W.2d 913) as follows:

"Mr. Berry testified upon the trial that he was the sole and exclusive owner of the 15.752 acre tract of land and had been since 1913. None of the other defendants testified in the cause and the record is silent as to any claim by them to any present interest in said 15.752 acre tract of land. *All the witnesses refer to the 15.752 acre parcel as being Mr. Berry's land.*

Upon the argument of the case attorney for plaintiff-in-error stated that Mr. Berry had received the full $18,750 award as the value of the land taken. *There appearing no evidence to the contrary, for the purpose of this appeal, we must assume that Mr. Berry was the owner in fee simple of the land condemned by adverse possession or otherwise.*" [Emphasis ours]

▆ In the case of Cox v. State, 217 Tenn. 644, 399 S.W.2d 776, it was said that in any action brought under the reverse condemnation statute, it is incumbent on plaintiff to show that he is the owner of the land which has been taken for the purposes of internal improvement *if ownership is denied by defendant,* and, in that case, it is shown that the issue was squarely made as to whether or not the plaintiff was, in fact, the owner of the land.

It is to be observed that, in the case at bar, as it was prepared for trial and as it was tried before the Court and jury, there was actually no dispute as to the ownership of the tract of land in question by Dr. A. C. Wilkinson and wife. Throughout the trial the land was referred to as that of Dr. Wilkinson and his wife and the only denial that appears (and which is now insisted on by counsel for the defendant) was the general issue plea of not guilty. It would seem to the Court that, if the State by its plea of not guilty intended to put in issue the title and to seriously challenge petitioners' title and ownership, it should have objected to the oral testimony of the landowner that he was, in fact, the owner. This technical defense should have been pursued by the objection that the owner's statement was not the best evidence of his ownership and title and was a legal conclusion. When counsel allowed this testimony to go into the record unchallenged and unobjected to and pursued the matter on cross-examination by repeatedly referring to the property as that of the petitioners, it would seem to us that he thereby waived the technical objection to the proof of ownership and is not now in position to insist on deraignment of title to the State or other proof of actual ownership.

As was observed in *Sanders v. Sullivan County,* supra, there is no evidence in this record to controvert the claim of ownership by the petitioners. And, as in *Whitlow v. Hardin County,* supra, we not only think that the facts disclosed by this record show the requisite ownership of the land in petitioners but that every legitimate inference that petitioners were in actual possession of the land in question at the time of the building of the highway is to be drawn from the proof and the record herein.

It results that the assignments of error are overruled and the judgment of the Trial Court is affirmed.

Affirmed.

PURYEAR and TODD, JJ., concur.