JOHN NEWBERRY *v.* HAMBLEN COUNTY.[*]

(*Knoxville.* September Term, 1928.)

Opinion filed October 18, 1928.

1. EMINENT DOMAIN. MEASURE OF DAMAGES. REMAND.

While a case wherein the liability for negligence has been fixed and was undisputed and only the measure and amount of damages remained to be determined, may be remanded, we cannot approve an extension of the practice to conditions which involve a splitting of that part of the action relating to the amount and measure of damages, as in condemnation suits, and where the situation calls for a remand as to a part of the recovery for damages, then the remand should open the case in the trial court, with respect to the entire claim and all the items thereof. (Post, p. 494.)

Differentiating Perkins v. Brown, 132 Tenn. (5 Thomp.), 331.

2. EMINENT DOMAIN. DAMAGES.

In a suit for the condemnation of land for highway purposes, all damages for all injury which is a necessary incident of necessary blasting in the construction of the highway are chargeable to the condemnor, but if the injury is not a necessary incident but is the result of the negligence of the contractor, then the damages are chargeable to him. (Post, p. 494.)

Citing: Lebanon v. Dillard, 155 Tenn. (2 Smith), 448.

3. EMINENT DOMAIN. DAMAGES AGAINST THE CONDEMNOR. DAMAGE AGAINST CONTRACTOR. DISTINCTION. EVIDENCE.

In a condemnation suit brought to condemn land for highway purposes, where it appears that the adjoining property was damaged by blasting done by a contractor, in order to recover against the condemnor, the owner must show, not negatively, but affirmative-

ly, that the conditions were such as that the injury to his property on the side of the highway was a necessary result of the blasting necessary to the proper and complete construction of the highway, and testimony that the work of the blasting was prudently and cautiously done would be competent evidence tending to show that the injury was a necessary incident to the construction. (Post, p. 495.)

4. EMINENT DOMAIN. INCIDENTAL BENEFITS. INCREASED ACCESSIBILITY OF PROPERTY.

The same rule which governs in the case of property abutting on a street with reference to offsetting incidental benefits is also applicable to property abutting on a highway running outside of corporate limits. Increased accessibility to the owner's property, greater convenience in approach with vehicles, the advantage generally of a front on a more desirable roadway, better drainage and a more attractive outlook, are improvements tending to enhance the value for use and sale of farm and suburban lands immediately abutting on an improved highway, and constitute special benefits for which allowance may be made. This is true despite the fact that like benefits accrue to other properties in the neighborhood affected in like manner. (Post, p. 495.)

Citing: Faulkner v. Nashville, 154 Tenn. (1 Smith), 145; Rivers v. Columbia, 80 Mo. App., 113.

5. DAMAGES. REMAND.

Where it appears that on the trial of the case in the lower court, testimony was offered by both sides, was improperly excluded by the trial judge and that the issues were evidently confused, causing embarrassment to both parties in the presentation and prosecution of their claims, such error was committed as to justify a reversal and a remand re-opening the case as to disputed evidence of damages. This is true even though one party has had his day in court and should not be afforded a second opportunity to make proof which he failed to make on a former trial. (Post, p. 496.)

_____

*Corpus Juris-Cyc References: Eminent Domain, 20 C. J., section 233, p. 778, n. 17; section 259, p. 825, n. 89; section 386, p. 982, n. 43; section 493, p. 1123, n. 62.

## FROM HAMBLEN.

Appeal from the Circuit Court of Hamblen County.—
HON. H. T. CAMPBELL, Judge.

W. N. HICKEY, for plaintiff in error.

JOHN R. KING, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the
Court.

This is a road condemnation proceeding. The issues
in dispute relate alone to the measure and amount of
damages to be awarded Newberry for the taking of his
land, and incidental damages and benefits to his remain-
ing property. Following the report of a jury of view,
the case was heard by the Circuit Judge without a jury.
From his judgment both parties appealed. The Court
of Appeals affirmed the judgment as to certain elements
of damage and ordered a qualified remand for further
proceedings in the trial court as to certain other elements
of damage, relying upon the authority of *Perkins* v.
*Brown,* 132 Tenn., 301.

Hamblen County presents to this Court a petition for
writs of *certiorari,* complaining, first, of the order of re-
mand, and, second, of the decree against the County with
respect to certain of the items of damage finally adjudi-
cated.; also of the failure of the Court of Appeals to find
error in the action of the circuit judge in excluding evi-
dence offered by the County tending to show benefits by

way of increase in value to the farm of Newberry as the result of the highway improvements.

(1) While not dissenting from the holding in *Perkins v. Brown, supra,* approving the practice of qualified or limited remands under conditions similar to those presented in that case, wherein the liability for negligence had been fixed and was undisputed, and, only the measure and amount of damages remained to be determined, we cannot approve an extension of the practice to conditions such as are here presented which involve a splitting of that part of the action relating to the amount and measure of the damages. It is natural and probable that allowances for damages for one or more items will bear upon allowances for other items. Inequality and injustice is likely to result from a practice which permits the consideration and fixing of a part of the damages claimed in a condemnation proceeding at one time and by one court or jury, and action with respect to other items or features of the condemnation claims at a different time and by another court or jury. If the situation appears to call for a remand as to part of the recovery for damages, then the remand should reopen the case in the trial court with respect to the entire claim and all the items thereof.

(2) Upon a careful consideration of this record, and particularly of the opinions and judgments of the trial court and the Court of Appeals, we are of opinion that a just and fair disposition of the case requires a reversal and remand thereof as a whole. It is apparent that the issues were confused by the action of the trial Judge in excluding evidence proposed by both parties. Since the case goes back for a rehearing on the question of damages it is proper for this Court to say, first, that the rule governing the recovery for damages to the dwelling house

of defendant caused by blasting in the roadway is that approved by this Court in the recent case of *Lebanon* v. *Dillard*, 155 Tenn., 448, expressed in a quotation referred to in the opinion of the Court of Appeals. If the injury is a necessary incident of necessary blasting in construction of the highway, the damages are chargeable to the condemnor, here the County. But if the injury is not such a necessary incident, but is the result of negligence of the contractor, then the damages are chargeable to him.

(3) In order to a recovery against the County, therefore, Newberry must show, not a negative as suggested, but affirmatively that the conditions were such as that the injury to his dwelling house on the side of the highway was a necessary result of blasting necessary to the proper and complete construction of the highway. And testimony that the work of blasting was prudently and cautiously done, would be competent evidence tending to show that the injury was such a necessary incident of the construction.

(4) Second, with respect to incidental offsetting benefits, in the opinion of this Court the recent case of *Faulkner* v. *Nashville,* 154 Tenn., 145, is applicable in principle. What was therein said of property abutting on a street is also applicable in principle to property abutting on a highway running outside of corporate limits. Increased accessibility to the owner's property, greater convenience in approach with vehicles, the advantage generally of a front on a more desirable roadway, better drainage and a more attractive outlook, are improvements tending to enhance the value for use and sale of farm and suburban lands immediately abutting on an improved highway, and constitute special benefits for which allowance may

be made. And this is true despite the fact that like benefits accrue to other properties in the neighborhood affected in like manner. As was said in *Rivers* v. *Columbia,* 80 Mo. App., 113, quoted with approval in *Faulkner* v. *Nashville, supra,* a special benefit does not necessarily mean such benefits as are enjoyed by one piece of property only; that many pieces belonging to different owners might be similarly situated with reference to an improvement and yet fall far short of being all of the property in the vicinity; that whenever a benefit is common to all in a vicinity it is special to none, but that it does not follow that a benefit might not be special to several (or to many similarly located with reference to the improvement and similarly benefited) without being common to all (in the general neighborhood).

(5) It is insisted by counsel for the County that no remand should be made, that Newberry has had his day in Court and should not be afforded a second opportunity to make proof which he failed to make on the former trial. But in view of the exclusion of testimony by the trial Judge offered by both parties, and the evident confusion of issues and consequent embarrassment of both parties in the presentation and prosecution of their several claims, we are of opinion that error was committed and that a reversal and remand, reopening the case as to all disputed elements of damage, affording opportunity for the application of the controlling principles herein stated, is in the interest of justice to both parties.

Reversed and remanded.