COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

W. A. DOWDY et al., Appellees.

Court of Appeals of Kentucky.

March 26, 1965.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., C. E. Skidmore, Department of Highways, Frankfort, for appellant.

White & Clark, Stephen P. White, Jr., Hopkinsville, for appellees W. A. Dowdy, Alice Dowdy and First-City Bank & Trust Co.

Huddleston & Huddleston, Paul R. Huddleston, Bowling Green, for appellee Collins Buick Co.

B. H. Henard, Hopkinsville, for appellee Texaco, Inc.

WILLIAMS, Judge.

The Commonwealth of Kentucky, Department of Highways, condemned a strip of land in Hopkinsville seven feet wide and 185 feet long across the front of property owned by appellees W. A. Dowdy and Alice Dowdy. The property was leased to appellee Collins Buick Company. Within the strip of land condemned appellee Texaco, Inc. had a sign and two underground gasoline tanks which were leased to Collins Buick Company for $1.00 a year.

Summary judgment in the Christian Circuit Court was granted Texaco, Inc. for expenses incurred in moving its equipment. A jury awarded the other appellees $12,525. The commissioners' award in county court was $21,274. The Commonwealth appeals for a number of reasons.

This case is reversed primarily because of the flagrantly prejudicial closing argument by one of appellees' counsel. Referring to loss of business and other improper elements of damages, the attorney noted that, while the instructions stated the law as pronounced by the Court of Appeals, "the law is a ass—a idiot." Undue reference to incompetent evidence, though agreeing that it is incompetent, brings the improper evidence to the minds of the jurors as vividly as if affirmatively argued. The subtle innuendo that the jury might rectify the law, that is "a ass—a idiot," compounds

the flagrant and callous argument. A portion of the argument is quoted herewith:

> "* * * I think I am not presumptuous here in saying that it does not necessarily represent the views of the Judge who presides here as to what the law is or should be. It is an undertaking to present to you the law as announced by the Court of Appeals. There is no disagreement on the part of counsel for defendants whether or not these instructions are correct. We agree that under the prevailing decisions of the Court of Appeals of Kentucky, this instruction is correct. We agree that this instruction announces the law as pronounced by the Court of Appeals of Kentucky, but forgive us if we say with Mr. Bumble again, 'The law is a ass—a idiot'. Why?
>
> "Under these instructions you must not consider certain factors that ordinary business men would consider in such a proceeding. You will remember my remarks at the opening of this case when I referred to the diminution in the amount of business done by Collins Buick as a result of the taking of this land, a reduction of $139,000.00 in the course of one year. You must disregard that reduction in business. You must not consider that loss of business under these instructions. Some states, because the law is changed, some jurisdictions take that into account, but not in Kentucky.
>
> "That is not the law in this case. You must not consider the loss of business when you come to find a verdict in this case. You will recall some reference in the evidence to the fact that Collins Buick, in order to stay in business, had to rent another lot and go to an additional expense of operating a separate business. You must not consider that as evidence in this case."

Objection to the argument was overruled. The law might indeed qualify as "a ass—a idiot" if it failed to recognize the ill-concealed design and purpose of this argument to persuade the jury to do indirectly the very thing it was being reminded it could not do directly.

Since there will be a new trial, we note that the cost of moving the leased building back to the same relative distance from the new highway as it was from the old is not a proper element to be taken into consideration. Under Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963), the cost of moving a building is not an independent recoverable item of damages. The after value of the property will reflect whether a change in the relative position of the building is detrimental to the market value of the entire property. To recover both for the reduction of the value of the property, if any, because of the change in the highway and for the cost of moving a building back to the same relative position to the highway would be tantamount to double recovery.

Appellant complains that evidence of the value of the leasehold interest was improper because the lessor and the lessee agreed upon the apportionment of the award as between the leasehold and fee interests. On retrial, evidence concerning the leasehold should be admitted as is provided in Commonwealth, Department of Highways v. Sherrod, supra.

A witness based a certain percentage of his reduction in valuation on the presence of a median strip in the center of the highway fronting the place of business. The presence of traffic dividers in the highway is not a proper element of damage in a condemnation proceeding. Commonwealth, Dept. of Highways v. Carlisle, Ky., 363 S.W.2d 104 (1962).

Appellee Texaco, Inc., should not have been compensated for moving its sign and tanks from the property. Both appellant and Texaco, Inc. considered the tanks

and sign as personal property for the purpose of this condemnation action. However, for this purpose they should be considered trade fixtures. Bank of Shelbyville v. Hartford, 268 Ky. 135, 104 S.W.2d 217 (1937). In Nichols on Eminent Domain, section 14.2471(1), page 660, two approaches to the cost of removal problem are discussed. First, no allowance is made for cost of removal of fixtures owned by a lessee. Second, the cost of removal may be considered as bearing upon the market value of the leasehold but not as an independent item of damages.

In Chain Belt Company v. Commonwealth of Kentucky, Department of Highways, Ky., decided March 19, 1965, we held that the policy denying recovery for removal and relocation costs is a sound one. It follows that no allowance may be made for removal costs of these trade fixtures.

On retrial of this case the "before" value of the property shall be calculated without the trade fixtures. Otherwise the fixtures would be included in the value after they have been removed and salvaged.

The judgment is reversed for a new trial.