**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**William F. POLK et al., Appellees.**

Court of Appeals of Kentucky.

April 23, 1965.

John B. Breckinridge, Atty. Gen., William
F. Lamkin, Asst. Atty. Gen., Frankfort,

Thomas L. Withers, Mitchell & Withers,
Henderson, Dandridge F. Walton, Madison-
ville, for appellant.

William M. Deep, Leo King, King, Deep
& Branaman, Henderson, William G.
Craig, Owensboro, for appellees.

WADDILL, Commissioner.

This condemnation action was instituted
during October, 1959 for the acquisition
of right of way for the construction of a
limited access highway known as Hender-
son By-Pass. The portion condemned was
a seven foot strip fronting 145.11 feet on
the existing highway and a temporary ease-
ment 10 feet in depth immediately behind
the land taken in fee. A circuit court jury
awarded $3,500 for the land taken, $9,500
for damages to the remainder and $2,500
for the temporary easement.

While no improvements were located on
the land taken in fee a commercial service
station constructed by a lessee and a small
residence were located on the remainder of
the landowner's lot. Prior to submission
of the case to the jury the landowner and
the lessee announced that they had agreed
upon an apportionment of the award be-
tween them. Accordingly the jury was not
instructed to value the leasehold interest
separately.

Appellant contends that the trial
court erred in allowing the jury to return
a lump sum verdict. This was proper pro-
cedure because the owners of the various
interests in the property had agreed upon
the apportionment of the award (as they
had the right to do). See Commonwealth,
Dept. of Highways, v. Dowdy, Ky., 388
S.W.2d 593 (rendered March 26, 1965).
The only remaining issue was the before
and after value of the entire property
which was correctly submitted to the jury.

Appellant introduced a copy of the
service station lease to show that the lessee
had the right to remove the service station
building upon termination of the lease.

Appellant contends that this provision of the lease made the building a trade fixture and thus it was error to permit evidence of damage to it. The contention is without merit. Although a building constructed upon the landlord's premises by his tenant pursuant to a lease permitting the tenant to remove the building at the expiration of the lease is ordinarily considered to be personal property, this rule is entirely for the protection of the tenant and cannot be invoked in a condemnation action by the condemning party. Hence, buildings and fixtures attached to the real estate must be treated as real property in determining the total award. See Nichols on Eminent Domain, Volume 2, Section 5.81, Subsection 2.

Finally it is urged that the verdict is excessive because appellee's evidence concerning damage is so incredible as to be without evidentiary value. All witnesses agreed that substantial damage would result from the taking. Stanley Hoffman, an appraisal witness for the Commonwealth, testified that the service station building would be damaged 75% because the new highway comes within a foot of the gasoline pumps and so near the building as to require it to be salvaged. The remainder of the lot would be damaged 20% and the residence 25%.

Two skilled professional appraisal witnesses for the landowner testified to damage which would justify a larger verdict than the one returned by the jury. For example, Woodring Fryer, one of the landowner's professional witnesses, testified that the before value of this property with its improvements was $35,300 and its after value was $16,240 making a difference of $19,060. The witness explained in detail the method whereby he arrived at these amounts. His explanation is both plausible and acceptable. Appellant's attack on the witnesses' estimates of value and damage is not sustainable on the ground that their testimony has no basis in fact. While the award appears to us to be liberal there is evidence having sufficient probative worth to sustain it.

The judgment is affirmed.