**NEIGHBORHOOD OIL COMPANY,
Appellant,**

v.

**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

March 31, 1967.

Rehearing Denied Oct. 6, 1967.

Robert P. Hobson, Kenneth L. Anderson, Woodward, Hobson & Fulton, Louisville, for appellant.

Robert Matthews, H. C. Smith, Frankfort, E. Preston Young, Louisville, for appellee.

EDWARD P. HILL, Judge.

This is a highway condemnation action filed by appellee against Dahlem Foundation, Inc., as owner and appellant Neighborhood Oil Company as lessee to condemn a strip of land 33 feet wide and 1280 feet in length along the Preston Highway side of a triangular shaped tract of land situated in the southwest corner of the junction of Indian Trail and Preston Highway near Louisville, Kentucky.

Only Neighborhood Oil Company has appealed from a judgment entered pursuant to the jury's verdict finding its leasehold in-

terest to have the same value after as before the taking. Dahlem Foundation was apparently satisfied with the report and award of the commissioners of the county court fixing the difference in the before and after value of its property at $13,199 and did not appeal to the circuit court, although it entered into and filed in circuit court an agreement with Neighborhood Oil Company for the division of any judgment in that court.

The county court commissioners awarded appellant Neighborhood Oil Company $4,994 as the difference in the before and after value of its leasehold interest. The condemnor filed exceptions to this report, but the circuit court properly dismissed the exceptions for failure to file within the time required. We do not find in the record an order dismissing appellee's exceptions to the report of the county court commissioners, but the judgment entered by the circuit court on the jury's verdict recites that "the appeal and exceptions of the plaintiff in this action having been dismissed, the defendant * * * Neighborhood Oil Company, Inc. * * * recover and be paid the sum of FOUR THOUSAND NINE HUNDRED NINETY-FOUR DOLLARS." Both parties and the trial judge conducted the trial as though the appeal of condemnor had been properly dismissed by allowing Neighborhood Oil to have the opening and closing arguments and the presentation of its evidence first. We, likewise, shall treat the order as entered.

The trial in circuit court was conducted in strict accord with the rules outlined in Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963). Appellant is insisting here that, inasmuch as Dahlem Foundation did not appeal to the circuit court and the value of the land taken was not an issue at the trial, only the question of the value of its lease should have been submitted to the jury. It complains also that the trial court erred in "failing to follow the order entered in the case in which" the parties agreed to an apportionment of the award; and that the verdict of the jury was contrary to "the evidence and law."

Appellant's evidence was directed to the value of the lease alone, along with other items in the nature of cost of repairs made necessary by the taking. Appellee's evidence followed this court's guildelines set out in Sherrod, supra, by fixing the before value of the entire tract free of the lease; its before value subject to the lease; and its value after the taking free of the lease. Appellant offered instructions embodying its theory of the case. They were refused by the court and instructions were given substantially as approved in Sherrod, supra. Appellant relies on Commonwealth, Department of Highways v. Dowdy, Ky., 388 S.W.2d 593 (1965) and Commonwealth, Department of Highways v. Polk, Ky., 389 S.W.2d 928 (1965).

In the Dowdy case the opinion states that, "On retrial, evidence concerning the leasehold should be admitted as is *provided in Commonwealth, Department of Highways v. Sherrod, supra.*" (Emphasis ours.) Clearly there is nothing in Dowdy to support appellant's position in the present case.

Polk, supra, differs from the present case in this important respect: In Polk the landowner and lessee were properly before the circuit court and agreed to a division of the amount of the verdict with the acquiescence of the condemnor. In the present case the landowner was not properly before the circuit court, although the trial court held otherwise. The mere filing of an agreement relative to division of the circuit court award did not operate to join the landowner as a party in circuit court. The agreement in Polk rendered unnecessary the determination of the value of the lease; while in the present case, the only question was the value of the lease. But in Sherrod this court "after thorough deliberation * * * worked out" the "most reasonably fair and workable method for determining compensation in" this class of condemnation cases.

In Gulf Interstate Gas Company v. Garvin, Ky., 368 S.W.2d 309, 313 (1963) this court said: "The fact that the interests in the land may be separately owned does not affect this basic method of determining just compensation."

 The bench and bar have, for nearly four years, endeavored to follow the rule outlined in Sherrod. We think of no valid reason to upset Sherrod. It is to be noted the important purpose of Sherrod is to safeguard not only that "just compensation" be awarded the condemnee, but that the award not exceed the difference between the before and after value of the entire property. This safeguard, relative to the difference between the before and after value, may be hopelessly lost if the owners of various interests in real estate are allowed to try piecemeal the value of their respective interests.

Appellant next argues the trial court erred in "failing to follow the order" agreeing to division of the award in circuit court. The verdict literally followed Sherrod. It found the before value free and clear of the lease at $115,000 and the before value subject to the lease at the same amount.

The verdict of the jury is not supported by the evidence. Appellee's witness fixed the value of the lease at $1,470. The evidence shows appellant paid $60,000 for the lease. The lease was to run 15 years from January 1, 1958, and contained three (five year) options for its extension. Only five years of the original term of the lease had expired on the date of the taking.

The evidence also shows 5,360 square feet of asphalt paving was removed. It was necessary to raise 1,050 square feet of concrete curbing to relocate a sign thereon, and the approaches were substantially reduced.

The lease in question surely had some substantial value. The jury was not governed by the evidence when it found the leasehold interest to have no value. The jury should have determined the value of the lease as outlined in Sherrod and left to the court the mathematical question of the amount of the judgment to be entered. The county court judgment for the leasehold interest was $4,994. The condemnor's exceptions having been filed too late, it is bound on appeal for no less than this amount. In the event the circuit court jury fixes the value of the lease in excess of the county court judgment, the lessee is entitled to recover such excess.

The judgment is reversed with directions to grant appellant a new trial.

WILLIAMS, C. J., and MILLIKEN, OSBORNE, PALMORE, and STEINFELD, JJ., concur.