STATE OF TENNESSEE ex rel. DAVID M. PACK,
Commissioner of Highways of the
State of Tennessee

*v.*

C. J. WALKER AND LOTTIE MAE WALKER.

423 S.W.2d 473.

(*Jackson,* April Term, 1967.)

Opinion filed January 12, 1968.

WALKER T. TIPTON, Covington, for petitioner; TIPTON
& TIPTON, Covington, of counsel.

WILBUR F. CASH, Covington, for respondents.

Mr. Chief Justice Burnett delivered the opinion of the Court.

This cause is under consideration by this Court on a petition for writ of certiorari which we have granted and subsequently heard argument upon.

■ The relevant events out of which this appeal originated concern condemnation proceedings which were instituted by the petitioner against the respondents to condemn certain property for highway purposes. Upon the respondents' rejection of the petitioner's appraised valuation of the land to be condemned, a jury trial was had to determine the amount of compensation to which the respondents were entitled. Upon consideration of the evidence, the jury returned a verdict in favor of the respondents in the amount of $18,281.25 for the value of the land taken and $10,118.33 for severance damages, i. e., if only a portion of a single tract is taken the owner's compensation for that taking includes any element of value arising out of the relation of the part taken

to the entire tract, and such damage is often, though somewhat loosely, spoken of as severance damage.

From an order overruling petitioner's motion for a new trial, exception was taken and an appeal was seasonably perfected to the Court of Appeals. The Court of Appeals granted a remittitur in the amount of $3,000.00 as to severance damages, and it is the propriety of that action which is presently assailed by the petitioner. According to the petitioner, the remittitur is insufficient in amount to bring the verdict as to severance damages within the scope of competent evidence introduced in the trial of the cause.

██ It appears that prior to the commencement of the condemnation proceedings by the petitioner, the respondents voluntarily removed certain houses from the property anticipated to be taken. During the trial, over the objection of counsel for the petitioner, the trial court permitted the respondents to introduce testimony concerning the costs of removing the houses. This action was assigned as error before the Court of Appeals which properly concluded that the trial court erred in admitting such testimony since the removal of the houses in question occurred antecedent to the initiation of the condemnation proceedings.

Basically the reason for the holding of the Court of Appeals, which is supported by authorities cited by them with which we agree, is the fact "The owner is entitled to be paid only the value of the property, considering it in its condition and situation at the time it is taken. In other words, actual market value at the time of the taking is the usual inquiry." 27 Am.Jur.2d, page 57, sec. 267. In this same volume at page 102, sec. 293, the author says:

664

"Under the greatly predominent view, the owner of condemned property is not required to remove buildings and fixtures thereon in order to lessen his damages, and the cost of taking them down or apart and removing them to a new location is not a proper element of damages."

There are numerous cases from various states cited as authority for this statement with which we agree. Among others are cases from Kentucky, some of which are cited by the Court of Appeals. The Kentucky Court of Appeals has held that the removal and relocation costs are not compensable. *Chain Belt Company v. Commonwealth of Kentucky, etc.*, Ky.App. 391 S.W.2d 357. In the same court in *Commonwealth of Kentucky, Department of Highways v. Dowdy*, Ky.App., 388 S.W.2d 593, it was decided that one condemnee could not recoup expenses for removing a building, and another could not recoup expenses for removing a sign and tanks from condemned property. It is also held by the same court in *Commonwealth of Kentucky, Department of Highways v. Eaves*, Ky.App., 388 S.W.2d 573, that the condemnee could not recover the costs of removing junked automobiles from condemned property.

This same line of reasoning has been followed by many states including the Supreme Court of Oregon in *State By and Through Highway Commission v. Superbilt Mfg. Co.*, (1955) 204 Or. 393, 281 P.2d 707, at page 718, where that court made this pertinent statement:

"It is true that the plaintiff had no use whatever for either the building or the fixtures in the construction of the proposed highway, and perhaps had no objection to the defendant's treatment of the fixtures in the

light of removable 'trade fixtures', or personal property rather than real property, but at no time did it agree, expressly or impliedly, to the severance of anything that was a part and parcel of the realty.''

That opinion likewise quotes from 4 Nichols, Eminent Domain, 398, sec. 14.2471 to the effect that ''consideration need not be given to the element of removal of such improvements.'' The Federal Court in *United States v. 40,379 Square Feet of Land, etc.*, D.C., 58 F.Supp. 246, held that prior to the date of the Government's acquiring title in a condemnation proceedings cubicals, which had become part of the realty, had been removed so that the Government could not acquire title to these cubicals and that their value could not be included in fixing the compensation. Many authorities are cited in this case, but it is all on the same basis that the Court of Appeals fixed for their conclusion herein with which we agree.

However, in this case the Court of Appeals declined to reverse the trial court's decision on this basis; instead, it granted a remittitur in the amount of $3,000.00 as to the value of severance damages. The acceptance of the remittitur leaves the verdict as to severance damages standing at $7,118.33.

Specifically, it is the contention of the petitioner that, if the evidence declared incompetent by the Court of Appeals is rejected, the proof is inadequate to support the remaining verdict of $7,118.33 for severance damages.

After careful consideration of the record, this Court feels constrained to agree with the petitioner.

As reflected by the record, all of the testimony as to the value of the land and severance damages may be summarized as follows:

| Witness | Value of Land | Severance Damage |
|---------|--------------|------------------|
| Void Baker | $11,599.00 | $2,325.00 |
| Malcolm McLennan | 11,265.00 | None |
| Wm. S. King | 14,469.00 | None |
| H. L. Jones | 22,530.00 | None |
| Chas. E. Cole | 22,530.00 | None |
| John F. Campbell | 20,000.00 | 6,000.00 |
| Wm. F. Walker | 20,000.00 | 6,000.00 |
| Herman Anderson | None | None |

Two other witnesses, C. J. Walker and son, Charles Lewis Walker, attempted to testify as to these matters but the Court of Appeals held that their testimony was so confusing and speculative that it could not be considered as evidence of value. We agree.

It should be observed that, of above summarized testimony, only three witnesses assessed any severance damage to the taking of the property. Of these, both Mr. Walker and Mr. Campbell explicitly declared that their estimates of severance damage included the costs of removing the houses in question. The record reflects that these removal costs were $4,668.00. Since the Court of Appeals correctly ruled that such costs could not properly be included as an element of severance damages in this case, we think the testimony of Mr. Campbell and Mr. Walker is insufficient to sustain the verdict as to severance damages, insofar as it exceeds $1,332.00 (the difference between their original estimates of $6,000.00 and the $4,668.00 removal costs which were improperly included in the estimate of each).

The only remaining evidence in support of any verdict as to severance damages is the testimony of Mr. Void Baker who estimated the severance damages to be

$2,325.00. After deleting the testimony heretofore declared incompetent by the Court of Appeals. Mr. Baker's estimate is the highest upon which the verdict of severance damages can be based. While the remittitur reduced the amount of severance damages from $10,118.33 to $7,118.33, there remains $4,793.33 in excess of all competent proof. To allow such a verdict would be to violate the basic principles of justice. Consequently, we are of the opinion that the action of the Court of Appeals is insufficient to remedy the injustice of the judgment of the lower court.

In accordance with the above, this case is hereby remanded for a new trial which shall be limited in scope to ascertaining the amount of severance damages to which the respondents are entitled. The compensation for actual value of the property has been equitably determined and is supported by competent evidence; consequently, we feel that, in the interest of justice, that issue should not be relitigated.

The case is remanded.