# THE MARYVILLE HOUSING AUTHORITY v.
# R. HOBART WILLIAMS and Bessie B. Williams.
## —478 S.W.2d 66

Eastern Section. October 8, 1971.

Certiorari Denied by Supreme Court January 3, 1972.

674

Crawford & Crawford, Maryville, for appellant, The Maryville Housing Authority.

Hubert D. Patty, Maryville, for appellees, Hobart Williams and Bessie B. Williams.

COOPER, P. J. (E.S.). The Maryville Housing Authority condemned a part of the land owned by the defendants, R. Hobart Williams and wife Bessie B. Williams, to be used in the construction of a public parking facility as part of an urban renewal project in downtown Maryville, Tennessee. The jury awarded the defendants $16,350.00 for the property taken and $10,000.00 for incidental damages to the defendants' remaining property. The Housing Authority appealed insisting (1) the incidental damages awarded were excessive, and (2) the trial judge erred in peremptorily instructing the jury that the incidental benefits, if any, resulting to defendants' remaining property from the construction of the public parking facility were not to be offset against incidental damages. No complaint was made as to the award of damages for the property taken.

The tract of land owned by the defendants is located at the corner of Church Avenue and College Street in the City of Maryville. Before the taking, the tract was generally rectangular in shape, fronting 138 feet on Church Avenue and 170 feet on College Street. Two buildings were located on the tract. One, a two-story brick building was at the corner, fronting on College Street. The other, a two story frame building, was at the southeastern edge of the tract owned by the defendants. It also fronted on College Street. The topography of the land was such that the top story of each of the buildings was at street level. The lower level of the buildings was used as a storage warehouse for merchandise sold in the stores. Both buildings were being used as retail furniture stores. The 73 feet of open space between the buildings was used for customer parking and for the loading and unloading of trucks.

The part of defendants' land taken by the Housing Authority was rectangular in shape, fronting 50 feet on College Street and extending the width of the tract. Included in the taking was the two-story frame building and 18 feet of the open space between the buildings.

■ There is evidence that after the taking, the space left is so narrow that furniture van trucks and semi-trailers cannot be backed to the lower-level warehouse door and that furniture delivered in large vans and trailers must be unloaded at street level and be carried through the store to the warehouse. This evidence, if accepted by the jury, would support an award of incidental damages as the result of the taking and construction of the public improvement.

■ The evidence further shows that the Housing Authority constructed a two-level public parking facility on the land taken from the defendant and on other land contiguous to the remaining property of the defendant. Parking in the public facility is regulated as to length of time, but no charge is made of the public for parking.

The trial judge, in his charge to the jury, included a comprehensive instruction on the issue of incidental damages, then instructed the jury as follows:

"Now ladies and gentlemen, if you find that there are incidental damages to the remainder of the defendants' property by reason of the taking and use of the part taken, it will be your duty to place a dollars and cents value upon those incidental damages.

"Now ladies and gentlemen of the Jury, in this State under certain circumstances incidental benefits can offset incidental damages. But in order for that to apply, for that rule of law to apply, it must be shown that those incidental benefits would be peculiar to that particular property and not benefits common to everybody in the whole neighborhood. And in this case, from the proof, ladies and gentlemen, I instruct you that from the proof there are no incidental benefits (peculiar) only to this property. That the benefits, if any there be, are common to the entire neighborhood and are not offsetting toward incidental damages, if any incidental damages there be."

Section 23-1414 of the Tennessee Code Annotated provides that:

"In estimating the damages [to be awarded in eminent domain proceedings], the jury shall give the value of the land or rights taken without deduction, but *incidental benefits which may result to the owner by reason of the proposed improvements may be taken into consideration in estimating the incidental damages*. \* \* \*" (emphasis supplied).

As pointed out in Lenzi v. Memphis Union Station Co., 3 Tenn.Civ.App. (3 Higgins) 218, 221.

"It has been ruled by our Supreme Court in a number of cases that the incidental benefits and incidental damages referred to in the statute, relate to that portion of the land remaining to the land owner after a portion has been taken for the public improvement. The incidental benefits to the remaining portion are such as have enhanced its value. In other words, the increased facilities in travel or trade, or the location of a depot or town on the portion taken, etc., are to be taken into consideration as incidental benefits."

Today's buying public is mobile. Consequently, easy access to parking is a factor that materially affects the value of property, especially property used in making retail sales. The improvement constructed by the Housing Authority on the land taken from the defendant and other property owners is contiguous on two sides to the remainder of the property owned by the defendant and provides street-level parking for the public having occasion to visit the store building owned by the defendants. It is true the parking facility is available to customers of other nearby downtown businesses, but this fact does not necessarily keep the benefit from being a special benefit to the defendants.

In Faulkner v. City of Nashville, 154 Tenn. 145, 285 S.W. 39, the Court held that the advantages of a more convenient access to property, and a more desirable frontage on a road or street, are direct and peculiar benefits to be considered by the trier of fact in estimating damage to the remainder of the property, though other property on the same street received like benefits, not common to all property in the vicinity. In doing so, the Court pointed out that:

"A benefit is not prevented from being special by the fact that estates on the opposite side of the way are benefited in like manner from the construction of the highway." See also Brookside Mills, Inc. v. Moulton, 55 Tenn.App. 643, 404 S.W.2d 258, 263, and Newberry v. Hamblen County, 157 Tenn. 491, 9 S.W.2d 700.

We think a jury of reasonable men could find that the easy-access parking provided by the facility constructed by the Housing Authority on the land taken from the defendant was a material benefit to and enhanced the value of land remaining to defendants, and because of the location of the parking facility contiguous to defendants' land, was a benefit peculiar to defendants' property. It follows that the trial judge's peremptory instructions on the issue of incidental benefits was in error.

Having concluded that the trial judge erred in peremptorily instructing the jury on the issue of incidental damages, the assignments of error directed to the amount of incidental damages, as awarded, is pretermitted.

The part of the judgment entered in the trial court awarding the defendants a recovery of $10,000.00 as inci-

dental damages is reversed, and the cause is remanded for a new trial on the issue. The award of damages for the land taken is affirmed. Costs incident to the appeal are adjudged against the defendants, R. Hobart Williams and Bessie B. Williams.

Parrott and Sanders, JJ., concur.