**Noah H. SIMMONS et ux., Petitioners,**

**v.**

**STATE of Tennessee ex rel. Robert F. SMITH, Commissioner, Department of Highways, State of Tennessee, Respondent.**

Supreme Court of Tennessee.

Dec. 3, 1973.

Edwin H. Arnold, Loudon, Charles T. Eblen, Lenoir City, Ben Simpson, Loudon, for petitioners.

David M. Pack, Atty. Gen., Russell G. Lazenby, Jr., Asst. Atty. Gen., Nashville, Erma G. Greenwood, Knoxville, for respondent.

## OPINION

FONES, Justice.

This is a condemnation case in which the jury returned a verdict of $500 per acre for 51.26 acres taken by the State for expressway purposes, which was part of the landowners' 159.25 acre dairy farm. The jury awarded $40,000 for incidental damages, offset by $20,000 incidental benefits.

The landowners' motion for new trial was overruled and they appealed, asserting that the amount awarded for the land and improvements was substantially less than the lowest evaluation testified to by any witness. No error was assigned with respect to the judgment of $20,000 for incidental damages.

The Court of Appeals held that the jury's award for the land and improvements was irreconcilable with the proof, and wholly unfair and unreasonable. In

agreeing with that holding of the Court of Appeals, it is only necessary to observe that the jury verdict of $25,630 is substantially below the lowest appraisal of any witness who testified. The two witnesses for the State valued the land and improvements at $34,451 and $35,700, and the testimony of the four witnesses for the landowners ranged from $64,500 to $73,760. Mr. Simmons valued the land and improvements at $89,175.

In its opinion, prior to the petition to rehear, the Court of Appeals observed that the net award for incidental damages was not a subject of expressed dissatisfaction by either party and that the award of the jury for both incidental damages and incidental benefits was within the realm of the testimony and the realm of reason. In that opinion, the case was reversed and remanded for a trial on the issue of damages for the land and improvements only.

The State filed a petition to rehear, calling attention to the case of Newberry v. Hamblen County, 157 Tenn. 491, 9 S.W.2d 700 (1928), holding that in a condemnation case where the situation calls for a remand as to part of the recovery for damages, that the remand should reopen the case in the trial court with respect to the entire claim, and all the items thereof. The landowners resisted the State's petition to rehear on two grounds; first, that the Newberry case is distinguishable from the instant case and second, that the State, having failed to perfect an appeal from the trial court, could not assert error by the Court of Appeals in ordering the limited remand. The Court of Appeals granted the petition to rehear and remanded for a new trial on all issues of damages.

The landowners' petition for certiorari complains of the action of the Court of Appeals on the petition to rehear, and seeks to have this Court overrule Newberry and remand for a new trial on the sole issue of damages sustained for the taking of the land and improvements, and affirm the award of $20,000 net for incidental damages.

The landowners rely upon three cases decided since Newberry and they correctly observe that in each of said cases the remand for a new trial was limited in scope to one element of damage. The cases relied upon by the landowners are Sanders v. Sullivan County, 48 Tenn.App. 531, 348 S. W.2d 909 (1960); State v. Walker, 220 Tenn. 661, 423 S.W.2d 473 (1968), and Maryville Housing Authority v. Williams, Tenn., 478 S.W.2d 66 (1972).

These cases were not relied upon by landowners in resisting the State's petition to rehear and were not mentioned by the Court of Appeals in its opinion on said petition. We granted the landowners' petition for the writ of certiorari to resolve any conflict that may be thought to exist between said three cases and Newberry.

In Newberry, both parties appealed from the judgment of the Circuit Court, where the case was heard without a jury, following the report of a jury of view. The Court of Appeals affirmed the judgment as to certain elements of damage and ordered a qualified remand as to certain other elements of damage, relying upon the authority of Perkins v. Brown, 132 Tenn. 294, 177 S.W. 1158 (1915). Hamblen County complained of the limited remand and the Supreme Court, in an opinion by Mr. Justice Chambliss, observed that, without dissenting from Perkins v. Brown, where liability for negligence was fixed and the remand was for the limited purpose of determining the measure and amount of damages,

" . . . we cannot approve an extension of the practice to conditions such as are here presented, which involve a splitting of that part of the action relating to the amount and measure of the damages. It is natural and probable that allowances for damages for one or more items will bear upon allowances for other items. Inequality and injustice are likely to result from a practice which permits the consideration and fixing of a part of

the damages claimed in a condemnation proceeding at one time and by one court or jury, and action with respect to other items or features of the condemnation claims at a different time and by another court or jury. If the situation appears to call for a remand as to part of the recovery for damages, then the remand should reopen the case in the trial court with respect to the entire claim and all the items thereof."

In Sanders v. Sullivan County, supra, the Court of Appeals held that the trial court was in error in setting aside a jury verdict of $3,250 for incidental damages and in directing a verdict for the County on that issue. The opinion reflects that neither party questioned on appeal the reasonableness of the jury verdict of $18,750 for the land taken, and further, that said amount had been paid by the condemnors and received by the landowners. The case was remanded for a new trial on the single issue of incidental damages.

In State v. Walker, supra, the late Chief Justice Burnett held that the incidental damages (referred to therein as "severance" damage) awarded by the jury and as reduced by the Court of Appeals, exceeded the scope of the competent evidence introduced at the trial. There is no indication in the opinion that either party assigned any error involving the jury's verdict for the land taken. The concluding paragraph of the opinion is as follows:

"The compensation for actual value of the property has been equitably determined and is supported by competent evidence; consequently, we feel that, in the interest of justice, that issue should not be relitigated.

The case is remanded."

No petition to rehear was filed complaining of the limited remand.

In Maryville Housing Authority v. Williams, supra, the jury awarded $16,350 for the land taken and $10,000 for incidental damages to the landowners' remaining property. The trial judge instructed the jury that there were no incidental benefits peculiar to the subject property; that any benefits from the public improvement were common to the entire neighborhood and could not offset incidental damages sustained by the landowners. Upon condemnor's appeal complaining of the trial judge's peremptory instructions on the issue of incidental benefits, the Court of Appeals reversed and remanded for a new trial on that limited issue. No error was assigned in the Court of Appeals with respect to the award of damages for the land and improvements taken, and no petition to rehear was filed complaining of the limited remand.

Obviously, denial of certiorari by this Court in both *Sanders* and *Williams,* acquiescing in the limited remands, does not impair the efficacy of *Newberry.*

■ In the three cases relied upon by landowners, both condemnor and condemnee acquiesced in the limited remand by failing to rely upon the rule of Newberry v. Hamblen County, supra. Neither of the three cases make any reference to the rule stated in *Newberry.* In our opinion, the principle is sound and should not be overruled. On the other hand, where both parties are clearly satisfied with a jury award as to a distinct element of damage approved by the trial judge, the appellate courts will not require that it be relitigated on a new trial of an issue of damage tainted with error.

This case is a clear example of the soundness of the *Newberry* rule. Most of the expert witnesses for the landowners and the State gave a per acre figure as to the value of the land taken and a separate figure as to the value of the improvements thereon. The per acre figures ranged from $350 to $1,200. The testimony as to the value of the improvements varied from $13,500 to $32,000. The trial judge instructed the jury, " . . . it is your duty as a jury in this case to consider two separate and distinct categories of compen-

sation. The first of these is for the value of the strip of land actually taken . . . " At the end of the charge the trial judge said, " . . . I will ask for your verdict in this order. First, what do you find as the value of the land taken. Then I will ask you if you found incidental damages and if so, what amount." There was no instruction that the value of the land taken should include the value of the permanent improvements thereon, that were a part of the realty. The verdict of the jury was reported as follows:

"THE COURT: Let the Court come to order. Ladies and gentlemen, have you reached your verdict.

JURY FOREMAN: We have.

THE COURT: What is your verdict as to the value of the land taken?

JURY FOREMAN: For the land taken $500.00 per acre.

THE COURT: Have you computed it?

JURY FOREMAN: No, sir.

THE COURT: That's fifty one point twenty six acres at $500.00 per acre. Did you find incidental damages to the remainder and if so what amount?

JURY FOREMAN: We found $40,000.-00 in damages.

THE COURT: Did you find offsetting incidental benefits?

JURY FOREMAN: We found $20,000.-00 in benefits."

 We are not to be understood as critical of the learned trial judge for omission of an instruction that "improvements" be included in the award for the "land taken". Neither party called it to his attention by offer of a special instruction. However, in light of the presentation of the proof by the expert witnesses, we observe, from the vantage point of hindsight, that it is probable that the jury may have included the improvements in the incidental damage award. The State makes this con-

tention and, while the State is not in a position to rely on any omission in the charge of the court, this circumstance provides substance for the State's insistence upon the application of the *Newberry* rule. Landowners complain that the State should not be allowed to invoke the *Newberry* rule because it did not appeal from the judgment of the trial court. The State is merely relying upon a principle of law that had no application until the Court of Appeals ordered a limited remand. It is elementary that it is incumbent upon the Courts to apply the controlling law, whether or not cited and relied upon by either party.

This case is remanded for a new trial on all issues of damages. The costs in the Court of Appeals were correctly adjudged against the State. The costs in this Court are adjudged against the landowners.

DYER, C. J., McCANLESS, J., and JENKINS and LEECH, Special Justices, concur.