Opinion filed August 14, 2025



In The

# Elebenth Court of Appeals

_____

## No. 11-23-00199-CV
_____

### KOYOE SOCIETY, Appellant

### V.

### CENTRAL APPRAISAL DISTRICT OF TAYLOR COUNTY, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 28686-B**

## MEMORANDUM OPINION

This appeal arises from a tax suit filed by the Central Appraisal District of Taylor County (the District) against the KOYOE Society.[1]  The District alleged that the KOYOE Society owed delinquent property taxes on four pieces of real property

---

[1]It appears that the KOYOE Society is an unincorporated association.  Thus, it was entitled to defend itself in its name.  *See Cox v. Thee Evergreen Church*, 836 S.W.2d 167, 173 (Tex. 1992) (citing TEX. R. CIV. P. 28).

located in Taylor County. There is no dispute that the taxes assessed by the District were not paid.

Steve Van Horne filed a "notice of special appearance"[2] on behalf of the KOYOE Society wherein he asserted that the KOYOE Society "is a religious entity created by and under the Holy Trust The Kingdom of יהוה on Earth." Van Horne further asserted that he is a minister and overseer of the KOYOE Society. Van Horne appeared at the bench trial as an "advocate" for the KOYOE Society. In this regard, Van Horne is not an attorney.

The dispute at trial focused on Van Horne's contention that the KOYOE Society is a religious organization that is "not part of the political society of Texas," and as such, it is not subject to its properties being taxed. The attorney for the District informed the trial court that the KOYOE Society had not applied for a religious exemption with the District.[3] Van Horne offered the following response:

> [T]he KOYOE Society is not part of the political society of Texas. If we were part of the political society of Texas, then we would go the route that he is speaking about: apply for an exemption, which is actually permission.
>
> We're saying that we're of -- we're not of the legislative branch of laws. We're coming from natural laws, the natural laws that's from our creator, and these things are rights. The right of property is what

---

[2]"[A] pleading's title does not determine its character." *Aaron v. Fisher*, 645 S.W.3d 299, 310 (Tex. App.—Eastland 2022, no pet.). Instead, we focus on the substance of the relief sought in a pleading to determine its character. *See id.* A special appearance is a procedural device used by a nonresident defendant to contest personal jurisdiction. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). As set out below, KOYOE society does not assert that it is a nonresident of Texas in the geographic sense, but rather in an ecclesiastical sense because it or its founders have decided to disassociate from secular political society.

[3]"[A] taxpayer's claim of entitlement to an exemption may not be raised in defense of an action for collection of delinquent taxes." *St. Joseph Orthodox Christian Church v. Spring Branch Indep. Sch. Dist.*, 110 S.W.3d 477, 479 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Instead, the Tax Code prescribes specific procedures for a taxpayer to protest and appeal a negative determination of an application for an exemption. *Id.*

2

we have naturally. So if we have a right to property, then it wouldn't make sense, having a right and then asking a state that you're saying that you're separate from, to say, "Okay. Can we -- can we get permission to have exemption?"

And that's been -- that's been our -- our argument with the district for the longest time. We're saying we're not part of you, and if we're not part of you, why should we be coming to you to ask you for a right that the [C]reator already gave us?

The trial court entered judgment in favor of the District in the amount of $47,006.41 for delinquent property taxes and a title research fee. Van Horne filed a notice of appeal on behalf of the KOYOE Society as its advocate, and he has filed a brief on behalf of the KOYOE Society challenging the trial court's judgment in eleven issues.[4] We affirm.

*Analysis*

Many of the appellate issues asserted on behalf of the KOYOE Society are couched as jurisdictional issues. In its first issue, the KOYOE Society asserts that the trial court did not "prove[] its jurisdiction after it was challenged." In this regard, the KOYOE Society cites its "special appearance" wherein it asserted that it was "not amenable to the entire proceeding and processes issued by the courts of this State" because the "KOYOE Society is not a member of the political society of the state of Texas Corporation." It further "invoke[d] foreign state's law due to the fact that KOYOE is under trusteeship and follows laws/mandates as seen and heard from the Creator of said Trust." The KOYOE Society asserts in its second issue that the trial court lacked jurisdiction to "bind duties upon a trust." The KOYOE Society's seventh and eighth issues make similar jurisdictional claims based upon its religious contentions to the effect that is not a party of the secular political system. The

---

[4]We express no opinion on the authority of Van Horne, as a non-attorney, to appear in court on behalf of the KOYOE Society.

3

KOYOE Society devotes the bulk of its briefing in support of these jurisdictional arguments.

The KOYOE Society appears to challenge both subject matter jurisdiction and personal jurisdiction. "A court must possess both subject matter jurisdiction over a case and personal jurisdiction over a party to issue a binding judgment." *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996). "[S]ubject matter jurisdiction refers to the court's power to hear a particular type of suit, personal jurisdiction concerns the court's power to bind a particular person or party." *Id.* "Subject matter jurisdiction is essential to the authority of a court to decide a case." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Subject-matter jurisdiction is a question of law reviewed de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 446). Whether a court has personal jurisdiction over a defendant also is a question of law. *Marchand*, 83 S.W.3d at 794. It is without question that a Texas court may exercise personal jurisdiction over any resident of the State of Texas, natural or otherwise.

We recently addressed similar jurisdictional contentions in *Children of the Kingdom v. Cent. Appraisal Dist. of Taylor Cnty.*, 674 S.W.3d 407, 417–20 (Tex. App.—Eastland 2023, pet. denied), *cert. denied sub nom. Horne v. Cent. Appraisal Dist. of Taylor Cnty.*, 145 S. Ct. 217 (2024) (*KOYOE I*). The KOYOE Society was an appellant in *KOYOE I*, another tax suit involving the District. *Id.* at 412. The appellants in *KOYOE I* asserted that the trial court lacked subject matter jurisdiction to decide the matters raised in the suit due to matters of "religious conscience." *Id.* at 417–18. We construed Appellants' claims as essentially arguments under the Free Exercise Clause of the First Amendment. *Id.* at 418 (citing U.S. CONST. amend. I). We cited *Employment Division, Department of Human Resources of Oregon v.*

4

*Smith*, 494 U.S. 872, 878–79 (1990) for the proposition that "an individual's religious beliefs do not excuse him from compliance with an otherwise valid law that prohibits (or requires) conduct that the State is free to regulate." *Id.* (quoting *Cantwell v. Connecticut*, 310 U.S. 296, 303–04 (1940)).

We held in *KOYOE I* that:

> The requirement that one must file an application for a tax exemption is neutral and generally applicable. In Texas, the taxation scheme is based on the foundational principle that "[t]axation shall be equal and uniform." In applying this principle, the Texas constitution provides that all real property in the state of Texas shall be taxed in proportion to its value "unless exempt as required or permitted by this Constitution." The Texas constitution requires and provides for certain exemptions—such as the exemptions provided for religious organizations—and specifies additional exemptions that it permits the Legislature to adopt by statute. But the Texas constitution also provides that "all laws exempting [other] property from taxation . . . shall be null and void." Thus, property tax exemptions are limited and must meet the requirements specified in the Texas constitution.

> . . . .

> Here, Appellant[s] assert[] that the requirement that one must file an application for a property tax exemption violates their rights guaranteed by the Free Exercise Clause, because it is their religious belief to be governed separately from secularism and thus not enter into any agreement or accept any privilege from secular governments. We disagree with Appellants['] assertion and hold that this requirement does not violate their First Amendment rights.

> First, the exemption application requirement is neutral. It is not specifically directed at or to a religious practice; instead, the requirement is a means of protecting the equality and uniformity of the property tax scheme as guaranteed by the Texas constitution. Second, the requirement is generally applicable. *All taxpayers* who seek an exemption from paying property taxes must apply for an exemption. Thus, Appellants' rights under the Free Exercise Clause have not been infringed upon because the requirement to file an application for a

property tax exemption has only an incidental effect, if any, of burdening Appellants' religious practices.

. . . .

Because Appellants did not apply for a property tax exemption as required by the Tax Code, Appellants are liable for the payment of property taxes associated with the real property at issue. Therefore, the trial court properly exercised its subject matter jurisdiction over the underlying tax suit.

*Id.* at 419–20 (citations omitted).

The jurisdictional claims made by the KOYOE Society in this appeal are essentially the same as it made in *KOYOE I*—that it has removed itself from governance by taxing entities and state courts because of its religious beliefs. For the same reasons we rejected those claims in *KOYOE I*, we do so in this case. *Id.* at 417–20.

"Property tax liability derives from the ownership of property because property taxes, by definition, are tied to one's land or personal property, not to a person or an entity." *Id.* at 418 (citing *Willacy Cnty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 42 (Tex. 2018); then citing TEX. CONST. art. VIII, § 1(b)). Thus, the District had the authority to levy ad valorem taxes on the tracts irrespective of the fact that their owner is a religious society. *See id.* Further, the courts of this state have both subject matter jurisdiction and personal jurisdiction to render a judgment for a tax delinquency against the KOYOE Society, an unincorporated association situated in Texas for real property situated in Texas. *See id.* Accordingly, we overrule the KOYOE Society's first, second, seventh, and eighth issues.

The KOYOE Society's fourth issue is also related to its jurisdictional argument wherein it contends that it "has a natural and indefeasible right to worship [its] Heavenly Father according to the dictates of their conscience." This is a matter

6

that we addressed in *KOYOE I* where we noted that individuals have an "absolute" "freedom to believe." *Id.* (quoting *Cantwell*, 310 U.S. at 303–04). However, "an individual's religious beliefs do not excuse him from compliance with an otherwise valid law that prohibits (or requires) conduct that the State is free to regulate." *Id.* (citing *Smith*, 494 U.S. at 878–79). A requirement that a religious organization must file an application for a property tax exemption does not violate the Free Exercise Clause. *Id.* at 419–20. Accordingly, we overrule the KOYOE Society's fourth issue.

The KOYOE Society asserts in its fifth issue that it has "a right to separate from civil society and create [its] own government according to the dictates of [its] conscience." This contention is a restatement of the KOYOE Society's first, second, fourth, seventh, and eighth issues. For the reasons that we overruled those issues, we overrule the KOYOE Society's fifth issue.

In its ninth issue, the KOYOE Society asserts that the District has not overcome the KOYOE Society's "religious immunity claims." Once again, this is a restatement of the KOYOE Society's jurisdictional claims that it has removed itself from secular political society. For the reasons we expressed in overruling the KOYOE Society's first, second, fourth, fifth, seventh, and eighth issues, we overrule its ninth issue.

In its sixth issue, the KOYOE Society contends that the District lacks "standing to pursue a law suit [sic] against [the KOYOE Society], under trust, in state District Court without the trust instrument." In order for a court to have subject-matter jurisdiction, the plaintiff must have standing to sue. *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 683 (Tex. 2020). Standing focuses on whether a party has a sufficient relationship with the lawsuit to have a justiciable interest in its outcome. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). If a party lacks standing, the trial court lacks subject-matter jurisdiction to hear the case. *Id.*

at 849. In Texas, standing requires that the plaintiff have suffered a concrete and distinct injury and that there be a real controversy between the parties that will actually be resolved by the judicial relief sought. *Id.* (citing *Heckman v. Williamson Ctny.*, 369 S.W.3d 137, 154–55 (Tex. 2012)).

The KOYOE Society's standing contention is also based on its jurisdictional argument that, because it has declared separation from secularism and is self-governing (which it alleges makes it "a separate state"), the District lacked standing to pursue a claim for delinquent taxes against the KOYOE Society. This is the same basic argument we addressed in *KOYOE I*. As we have said, "[p]roperty tax liability derives from the ownership of property because property taxes, by definition, are tied to one's land or personal property, not to a person or an entity." *KOYOE I*, 674 S.W.3d at 418. As such, the District has standing to pursue a claim for delinquent taxes for property located within its territorial boundaries. *See id.* Further, the District's standing has no connection to the identity of a property's owner, but rather it is derived from the property itself. *See id.* Moreover, as we noted in *KOYOE I*, a taxing unit has statutory authority and therefore standing to file suit to collect delinquent taxes. *Id.* at 414–15 (citing TEX. TAX CODE ANN. § 33.41(a) (West 2015). We overrule the KOYOE Society's sixth issue.

In its tenth issue, the KOYOE Society asserts that the District did not follow "due process protocols."[5] The KOYOE Society first contends that "the trust

---

[5]We note that most appellate issues are directed at the conduct of the trial court rather than the opposing party. *See Rodriguez v. State*, No. 11-17-00214-CR, 2020 WL 1887716, at *8 (Tex. App.—Eastland Apr. 16, 2020, pet. ref'd) (mem. op., not designated for publication). In this regard, before "presenting a complaint for appellate review, the record must demonstrate, among other things, that the complaint was made *to the trial court* by a timely request, and that *the trial court* ruled on the request or refused to do so and the complaining party objected to the refusal." *DeBoer v. Attebury Grain, LLC*, 684 S.W.3d 520, 535 (Tex. App.—Eastland 2024, no pet.) (emphasis added) (citing TEX. R. APP. P. 33.1(a)(1)).

instrument" was not served.[6] In support of this allegation, the KOYOE Society asserts that it "is not a member of the secular civil society of this state and was created by a private and Holy Trust." "The Trustees were never served or even named in the suit."

"A claim of a defect in service of process challenges the trial court's personal jurisdiction over the defendant." *Livanos v. Livanos*, 333 S.W.3d 868, 874 (Tex. App.—Houston [1st Dist.] 2010, no pet.). The adverse judgment in *KOYOE I* was the result of a judgment occurring after the defendants failed to appear. 674 S.W.3d at 412. But here, Van Horne appeared on behalf of the KOYOE Society, announced that he was appearing as its "advocate," and made an unconditional announcement of ready. *See DeBoer*, 684 S.W.3d at 535 (discussing the effect of an unconditional announcement of ready). "[A] party's appearance in a lawsuit cures any defect in the method of serving that party. *Guardianship of Fairley*, 650 S.W.3d 372, 386 (Tex. 2022) (citing *Baker v. Monsanto Co.*, 111 S.W.3d 158, 161 (Tex. 2003)). Thus, the KOYOE Society's general appearance at trial waived any alleged defect of service of process. *See id.*

The KOYOE Society next contends that its due process rights were violated because the District's attorneys provided it with a "notice of trial." It contends that the District's attorneys were ineligible to do so under Rule 103 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 103. The KOYOE Society made the same contention in *KOYOE I*. 674 S.W.3d at 417. We rejected that contention in *KOYOE I* on the basis that Rule 103 only applies to service of citation and not service

---

[6]The KOYOE Society made the same compliant in *KOYOE I*. 674 S.W.3d at 415-416. However, we did not reach the merits of the contention other than noting that the deed conveying the property to the KOYOE Society did not indicate that it was a trust. *Id.* at 416. The same is true in this appeal—the deed conveying the four tracts at issue to the KOYOE Society does not indicate that it is a trust.

of notice of a hearing. *Id.* For the same reason, we reject the same contention in this appeal. *See id.*

The KOYOE Society also contends that its due process rights were violated because the trial court did not consider its special appearance. "Texas law clarifies that a special appearance is waived through participation in the trial." *Milacron Inc. v. Performance Rail Tie, L.P.*, 262 S.W.3d 872, 875 (Tex. App.—Texarkana 2008, no pet.) (citing *Bullock v. Briggs*, 623 S.W.2d 508, 511 (Tex. App.—Austin 1981, writ ref'd n.r.e.)). Thus, "[a] specially appearing defendant may not go to trial on the merits of the case without first obtaining a ruling on his special appearance." *Id.* (citing *Bruneio v. Bruneio*, 890 S.W.2d 150, 154 (Tex. App.–Corpus Christi– Edinburg 1994, no writ)). As noted by the court in *Milacron*:

> Rule 120a requires that the specially appearing defendant timely request a hearing, specifically bring that request to the trial court's attention, and secure a ruling on the preliminary question of personal jurisdiction.
>
> It is the responsibility of a defendant which attempts to rely upon a special appearance to request a hearing and secure a ruling on the preliminary question of personal jurisdiction. Not only must a specially appearing defendant request a hearing on the determination of the special appearance, it must specifically call that request to the trial court's attention. A defendant waives his special appearance by not timely pressing for a hearing. It is inappropriate, especially when considering judicial economy, to litigate the special appearance in connection with the trial of the matter.

*Id.* at 875–76 (internal citations omitted). Because the KOYOE Society did not request a hearing or secure a ruling on its special appearance, it waived any complaint to the lack of a ruling on it.

The KOYOE Society's final due process contention is that a bench trial occurred rather than a jury trial. There are two basic requirements in securing a jury trial in a civil case: (1) there must be an application or demand for a jury trial and

(2) the correct fee must be paid within the time allowed in Rule 216. *Dawson v. Jarvis*, 627 S.W.2d 444, 446 (Tex. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.); *see* TEX. R. CIV. P. 216. The KOYOE Society has not cited a written demand for a jury trial or the payment of the correct jury fee. Accordingly, the trial court did not err in proceeding to a bench trial. We overrule the KOYOE Society's tenth issue.

In its eleventh issue, the KOYOE Society asserts that the District did not have authority to tax the KOYOE Society without it "rendering" its property and consent. "Property tax liability . . . derives from ownership of property." *Willacy*, 555 S.W.3d at 42 (citing TAX § 32.07 (West 2021)). The person who owns the property is responsible for the tax liability attached to the property. *Id.* at 43. Simply put, consent by the landowner plays no part in its liability for the payment of property taxes on its property. *See id.* Accordingly, we overrule the KOYOE Society's eleventh issue.

Finally, the KOYOE Society asserts in its third issue that the trial court erred by excluding evidence of its "[t]rust status." At trial, the KOYOE Society attempted to offer three documents into evidence. The District objected to the admission of the documents on multiple grounds including hearsay, relevance, and lack of foundation. The District's attorney noted that the documents were financing statements and that they did not reference the KOYOE Society. After a great deal of discussion, the trial court denied admission of the documents.

The KOYOE Society did not ask the trial court to include the excluded documents in the appellate record as an offer of proof. However, Van Horne stated that the documents consisted of "a financial statement" showing that "[i]t's a private trust." He further opined that the documents:

> [P]rove[] that everything is being held in a religious -- by a religious organization. . . . And it's being held by a religious organization, and it's under a -- the trust. And this -- and this trust right

11

here, along with the other documents [he's] given [the trial court] -- because this is private -- this is a private -- it's a private trust.

The KOYOE Society asserts on appeal that the excluded documents were relevant and conclusive. "We review a trial court's exclusion of evidence for an abuse of discretion." *JLG Trucking, LLC v. Garza*, 466 S.W.3d 157, 161 (Tex. 2015). A trial court's error in excluding evidence is reversible only if it probably caused the rendition of an improper judgment. *See id.* at 165 (citing TEX. R. APP. P. 44.1(a)(1)). Even if the trial court erred in excluding the documents that the KOYOE Society offered (and the KOYOE Society preserved its complaint for appellate review), the exclusion of the evidence did not cause the rendition of an improper judgment. The evidence that the KOYOE Society sought to offer was relevant to its jurisdictional contentions. However, the KOYOE Society's jurisdictional claims are unavailing not because of a lack of evidence, but rather because they are not supported by law. Thus, the KOYOE Society was not harmed by the trial court's evidentiary ruling. We overrule the KOYOE Society's third issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


August 14, 2025

Panel consists of: Bailey, C.J., Trotter, J., and Williams, J.

12